CHARLES EMERY, Plaintiff-Appellant, *v.* KIMBALL HILL, INC., Defendant-Appellee.

Second District   No. 82—369

Opinion filed January 26, 1983.

Michael G. Boylan, of Geneva, for appellant.

Lloyd J. Tyler and Salvatore C. Miglore, both of Tyler, Solomon & Hughes, of Aurora, for appellee.

JUSTICE HOPF delivered the opinion of the court:

The plaintiff, Charles Emery, appeals from an order of the circuit court of Kane County which dismissed his complaint against the defendant, Kimball Hill, Inc. (Kimball Hill), for failure to state a cause of action pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 45 (now codified Ill. Rev. Stat. 1981, ch. 110, par. 2—615)).

On April 30, 1975, the defendant filed a forcible entry and detainer action for rent due and owing against the plaintiff and Victoria Emery, who is not a party to the lawsuit now before this court. Summons in the forcible entry and detainer suit was issued with a notation that the sheriff should serve either the plaintiff or Victoria Emery. The sheriff's return of service indicated that he personally served Victoria Emery with summons. No return of service of process was recorded with respect to the plaintiff. On May 20, 1975, the trial court entered judgment in favor of Kimball Hill and against both the plaintiff and Victoria Emery for unpaid rent, attorney fees, and court costs. On March 20, 1980, Kimball Hill sent a letter to the circuit court of Kane County stating that the judgment against both Charles and Victoria Emery had been satisfied in October 1975.

On March 6, 1981, the plaintiff in this cause filed a limited appearance in the forcible entry and detainer action to challenge the court's jurisdiction over his person. In his motion to vacate the judgment against him, he contended that the trial court did not have personal jurisdiction over him because he was never served with a summons in this matter. On March 11, 1981, the circuit court vacated the judgment order which had been entered against Charles Emery for

want of personal jurisdiction over him. A week later the court dismissed with prejudice for forcible entry and detainer suit with respect to Charles Emery for lack of prosecution.

On July 15, 1981, the plaintiff, Charles Emery, filed a verified complaint against the defendant, Kimball Hill. Approximately six months later the plaintiff filed his second amended complaint, which consisted of three counts. Count I alleged, in effect that the defendant maliciously and wrongfully contrived to destroy the plaintiff's good name, reputation, and credit by causing a judgment order to be entered against the plaintiff when the defendant knew or should have known that the trial court was without jurisdiction to enter the order for want of service of process on the plaintiff; that the defendant reported or caused to be reported to Trans Union Credit Information Co. (Trans Union) the fact that judgment had been entered against the plaintiff in the forcible entry and detainer action; that the written false credit report remained published until May 1981, constituting a continuing libel; that as a result of the publication of the false credit report by Trans Union, both Marshall Field & Co. and Weiboldt's refused to extend credit to the plaintiff; and that the plaintiff's good name, reputation, and credit rating have been greatly impaired as a result of the defendant's actions. Counts II and III, which alleged, respectively, reckless and wanton conduct and negligence, realleged the same facts as count I.

The record in this cause also reveals that in May 1981 Trans Union, upon being contacted and informed by the plaintiff's attorney that the forcible entry and detainer judgment had been vacated with respect to Charles Emery, removed the entry of the judgment from the plaintiff's credit file and sent a corrected credit report to Marshall Field & Co.

On January 21, 1982, the defendant filed a motion to dismiss for failure to state a cause of action, pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 45), in which it alleged that the judgment entered against the plaintiff in the forcible entry and detainer action, although voidable, was a public record and a valid judgment of the circuit court; that the dissemination of the content of the judgment involved the publication of a matter which was true; and that the dissemination of the judicial proceedings in a civil cause is *per se* not libelous. In its letter of opinion, dated March 24, 1982, the trial court granted the defendant's motion to dismiss, stating that the judgment in question was a part of the court record and, as such, was not libelous, even though it was defective.

Plaintiff contends on appeal that the trial court erred in dismiss-

ing his second amended complaint with prejudice for failing to state a cause of action in libel. He claims that the absolute privilege generally afforded to legal proceedings does not extend to publications of a void judgment order to a credit agency. We disagree.

Initially, we note that the plaintiff has not raised, either in his second amended complaint or in his appellate brief, the applicability of the Fair Credit Reporting Act (15 U.C.S.A. sec. 1681 *et seq.* (1982)) to the present case or the effect it might have on the matter in issue. Accordingly, we will not discuss either the relevancy of the Federal statute or the potential impact it might have on the case now before the court.

Absolute privilege protects anything said or written in a legal proceeding. (*Libco Corp. v. Adams* (1981), 100 Ill. App. 3d 314, 426 N.E.2d 1130; *Weiler v. Stern* (1978), 67 Ill. App. 3d 179, 384 N.E.2d 762; *Macie v. Clark Equipment Co.* (1972), 8 Ill. App. 3d 613, 290 N.E.2d 912.) Further, under section 16 of "An Act to revise the law in relation to clerks of courts" (Ill. Rev. Stat. 1979, ch. 25, par. 16), all documents, papers, and records filed in the clerk's office are public records which are open to inspection by the public at all times. (*Newell v. Field Enterprises, Inc.* (1980), 91 Ill. App. 3d 735, 748, 415 N.E.2d 434.) The statute specifically provides for the maintenance of a judgment and execution docket which is available for public inspection. As was observed many years ago, the judgment docket is intended to afford full and complete information to the world of the judgment entered in a particular case. (See *Day v. Graham* (1844), 6 Ill. 435, 440-41.) Fair reports of what is shown on public records may be circulated freely and without liability. (*Fite v. Retail Credit Co.* (D. Mont. 1975), 386 F. Supp. 1045, 1046, *aff'd* (9th Cir. 1976), 537 F.2d 384.) Similarly, it is axiomatic that truth is a defense to a defamation action. *Altman v. Amoco Oil Co.* (1980), 85 Ill. App. 3d 104, 107, 406 N.E.2d 142.

■ It is also well established in Illinois that a communication reporting the contents of a judicial proceeding is privileged, although it contains defamatory statements, if it is (a) accurate and complete or a fair summary of the proceedings, and (b) not made solely for the purpose of causing harm to the person defamed. (*Newell v. Field Enterprises, Inc.* (1980), 91 Ill. App. 3d 735, 744, 415 N.E.2d 434, 443; *Lulay v. Peoria Journal-Star, Inc.* (1966), 34 Ill. 2d 112, 115, 214 N.E.2d 746.) The privilege attaching to the report of judicial proceedings obtains in situations where a defect in jurisdiction is merely with respect to the person of a party involved in the lawsuit, as opposed to the subject matter of the litigation. (See 50 Am Jur. 2d *Libel & Slan-*

*der* sec. 257 (1970).) In other words, the mere color of jurisdiction, in fact assumed, is sufficient to confer the privilege; it is not necessary that the court actually have jurisdiction before the privilege attaches. See *Wahler v. Schroeder* (1972), 9 Ill. App. 3d 505, 506-07, 292 N.E.2d 521.

Because this appeal arises from a motion to dismiss for failure to state a cause of action (Ill. Rev. Stat. 1981, ch. 110, par. 45 (now codified as Ill. Rev. Stat. 1981, ch. 110, par. 2—615)), this court must accept as true all facts which are well pleaded and must determine whether the allegations of the plaintiff's complaint are sufficient, as a matter of law, to set forth a claim upon which relief may be granted. (*Pelham v. Griesheimer* (1981), 93 Ill. App. 3d 751, 753, 417 N.E.2d 882, *aff'd* (1982), 92 Ill. 2d 13, 440 N.E.2d 96.) Stated differently, the plaintiff's cause of action should not be dismissed for insufficiency at law unless it clearly appears that no set of facts can be proved which will entitle him to recover. (*Arnold v. Leahy Home Building Co.* (1981), 95 Ill. App. 3d 501, 506, 420 N.E.2d 699; *Long v. City of New Boston* (1981), 95 Ill. App. 3d 430, 432, 420 N.E.2d 282, *aff'd in part, rev'd in part* (1982), 91 Ill. 2d 456, 440 N.E.2d 625.) Our supreme court has also emphasized that, in considering a motion to dismiss, the pleadings are to be construed strictly against the pleader. *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 17, 440 N.E.2d 96; *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 421, 430 N.E.2d 976.

■ In the present case, the plaintiff alleged in his complaint that the defendant informed the credit reporting agency, Trans Union, that a judgment had been entered against the plaintiff in the forcible entry and detainer action. Plaintiff's complaint also admits that in fact such a judgment was entered. The complaint does not expressly state or allege at which point the defendant informed Trans Union of the judgment, that is, before or after the circuit court had vacated it. In argument before the trial court, the plaintiff seemingly asserted that the defendant had disseminated the information regarding the judgment after it had been vacated. However, from our reading of the record, it is evident that any report of the judgment to Trans Union occurred prior to December 10, 1980, since that was the approximate date in which Trans Union conveyed the information to Marshall Field & Co. The judgment order itself was not vacated until March 11, 1981. Thus, it is clear that up until March 1981 any communication regarding the existence of a judgment order against plaintiff was true and could not be the subject of a defamation action. (*Altman v. Amoco Oil Co.* (1980), 85 Ill. App. 3d 104, 107, 406 N.E.2d 142.) Further, the judgment in the forcible entry and detainer action is a public record and is therefore open to inspection by the public at all times. (Ill. Rev.

Stat. 1981, ch. 25, par. 16.) The plaintiff has cited no authority which supports the proposition that the dissemination of a judgment order, by itself, constitutes libel. Finally, there is no allegation in the complaint that defendant disseminated the information after the judgment order had been vacated with respect to the plaintiff. The gravamen of plaintiff's allegation of malice is that the defendant knew or should have known that the plaintiff had not been served with process in the forcible entry and detainer action and yet procured the judgment against him. Even assuming that Kimball Hill was aware that process had not been served on Charles Emery, the complaint still fails as a matter of law to allege a cause of action in defamation. The statement alleged to be defamatory was the republication of the judgment order itself, and any communication regarding the existence of such an order was a true reflection of a judicial and public record up until the time the judgment was voided in March 1981.

For the foregoing reasons, the order of the circuit court of Kane County dismissing plaintiff's second amended complaint is affirmed.

Affirmed.

SEIDENFELD, P.J., and REINHARD, J., concur.