MICHAEL REED, Plaintiff-Appellant, v. NORTHWESTERN PUBLISH-
ING COMPANY, d/b/a The Commercial News, Defendant-Appellee.

Fourth District   No. 4—86—0758

Opinion filed May 20, 1987.—Rehearing denied June 22, 1987.

Richard B. Opsahl and Craig R. Hunt, both of Rantoul, for appellant.

Thomas B. Meyer, of Acton, Meyer, Smith & Miller, of Danville, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Michael Reed, filed a 1979 libel action against the defendant, Northwestern Publishing Company, d/b/a The Commercial News. In entering a summary judgment for the defendant, the trial court found that the 1978 articles were factually erroneous but, as a matter of law, that the plaintiff proved neither actual malice nor reckless disregard for their truth or falsity. The plaintiff appealed. The Fourth District Appellate Court reported those findings and agreed that the defendant had inaccurately and falsely summarized the grand jury report by referring to the plaintiff public official as a criminal participant in a police burglary ring. The court acknowledged the trial court's reliance on a reporter's affidavit that he concluded that the defendant was involved after conversing with the prosecutor and his assistant and reviewing the grand jury report. The court found that reporter's good faith a factual dispute that might support actual malice. Consequently, the court reversed the summary judgment and re-

manded for further proceedings. *Reed v. Northwestern Publishing Co.* (1984), 129 Ill. App. 3d 133, 471 N.E.2d 1071.

In a December 5, 1984, article (the article) about the Fourth District Appellate Court's reversal and remand, the defendant stated that "Officer Reed had been implicated in December 1978 C-N articles as a participant in a Danville police burglary ring which operated in 1970 and 1971. The newspaper articles were based on a 1978 grand jury report on the alleged police criminal activities and on interviews with the state's attorney's office." Those statements prompted the plaintiff's instant defamation suit.

After acknowledging the jury verdict for the defendant in the 1979 cause, the trial court found that instead of defaming the plaintiff, the article simply reported the background of the plaintiff's cause, the trial court's judgment, and the appellate court's decision, which referred to the reporter's affidavit. The trial court dismissed the plaintiff's complaint finding, as a matter of law, that the article rightfully, truly, fairly and accurately reported *Reed.*

On appeal, the plaintiff concedes the defendant's qualified privilege to report judicial proceedings and the 1978 articles' implication that he participated in a police burglary ring. The plaintiff argues that the article wantonly, recklessly, untruthfully, and unfairly reported *Reed.* We disagree.

■■■ A report of judicial proceedings is privileged if it accurately and completely or fairly summarizes the proceedings without actual malice, *i.e.*, without knowingly, falsely, or recklessly disregarding the truth. (*Emery v. Kimball Hill, Inc.* (1983), 112 Ill. App. 3d 109, 445 N.E.2d 59; *Newell v. Field Enterprises, Inc.* (1980), 91 Ill. App. 3d 735, 415 N.E.2d 434.) The article stated that the erroneous 1978 publications were based on the grand jury report and interviews with the State's Attorney's office. Those facts were set forth in the author reporter's affidavit and were a basis for the decisions of both the trial court and the appellate court in the 1979 libel action.

We find, therefore, that the December 5, 1984, article accurately and completely or fairly summarized *Reed* without actual malice. Consequently, the plaintiff's complaint, as a matter of law, was appropriately dismissed.

Accordingly, the judgment of the circuit court of Vermilion County is affirmed.

Affirmed.

HEIPLE and WOMBACHER, JJ., concur.