Joseph M. SCHEIDLER, Plaintiff,

v.

NATIONAL ORGANIZATION FOR
WOMEN, INC., Molly Yard, and
Patricia Ireland, Defendants.

No. 90 C 109.

United States District Court,
N.D. Illinois, E.D.

Nov. 5, 1990.

Robert Samuel Harlib, Thomas L. Brej-
cha, Jr., Abramson & Fox, Chicago, Ill., for
plaintiff.

Ellen G. Robinson, C. Philip Curley, Fay
Clayton, Kahn, Robinson, Curley & Clay-
ton, Chicago, Ill., for defendants.

MEMORANDUM OPINION
AND ORDER

PLUNKETT, District Judge.

The defendants, National Organization
for Women, Inc. ("NOW"), Molly Yard
("Yard"), and Patricia Ireland ("Ireland")
are before this court on a motion to dismiss
plaintiff Joseph M. Scheidler's ("Scheidler")
second amended complaint. The defen-
dants allege lack of personal jurisdiction
over Yard, lack of jurisdiction over NOW,
improper service of process, and the protec-
tion of judicial privilege or the innocent
construction rule. For the following rea-
sons we deny the motion to dismiss for lack
of jurisdiction over NOW, we reserve rul-
ing on the motion to dismiss the claim

against Yard in her personal capacity, we deny the motion to dismiss for lack of service, and we reserve our ruling on possible absolute judicial privilege regarding both the "bombed and burned" and the "aiding [and] abetting" comments until discovery has been developed and a motion for summary judgment filed.

## BACKGROUND

As we have set out the factual background in some detail in our Order of May 18, 1990, *Scheidler v. National Org. for Women, Inc.*, 739 F.Supp. 1210 (N.D.Ill. 1990) ("Order"), we shall not do so here. Suffice it to say that Scheidler, Director of the Pro–Life Action League, Inc., sued the defendants for defamation arising out of comments that Yard and Ireland made in a NOW press release and at a NOW press conference. Yard is President and Chief Executive Officer of NOW, and Ireland is Vice–President of NOW and lead counsel in litigation brought by NOW against Scheidler in Illinois.

In our Order we dismissed the first amended complaint with prejudice, "except with respect to plaintiff's claims against defendants NOW and Yard involving statements made at the press conference, which claims are dismissed without prejudice, with leave to amend within thirty days, if plaintiff can state a basis for personal jurisdiction over these defendants in Illinois with respect to these claims." *Id.* at 1219. The press conference statements at issue are "We believe that these are criminal acts. They have burned and bombed clinics. Since we filed this case ... Joe Scheidler has been much quieter."

On June 19, 1990, Scheidler filed a second amended complaint. Once again he names Yard, Ireland, and NOW as defendants, and once again he alleges two counts of defamation *per se*, one count for words imputing commission of a crime and one count for words injuring plaintiff in his profession.

The defendants have now moved to dismiss the second amended complaint and we shall address each contention in turn.

## DISCUSSION

On a motion to dismiss, the court views the allegations of the complaint as true, along with reasonable inferences therefrom, and views these in the light most favorable to the plaintiff. *Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir.1981). Plaintiff's complaint should not be dismissed "unless it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief.... Nevertheless, a plaintiff must allege sufficient facts to outline the cause of action, proof of which is essential to recovery." *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986) (citations omitted). We shall consider each of the defendants' arguments in turn.

I. *Jurisdiction over Yard and NOW*

We previously rejected as bases of jurisdiction the allegations that the defendants committed a tort in Illinois and transacted business in Illinois giving rise to this lawsuit. Scheidler repeats these allegations and also asserts that defendants have consented to jurisdiction.

Scheidler alleges that Yard and NOW are subject to this court's jurisdiction under Illinois's long-arm statute on the basis of a tortious act committed in this state because "[b]y its press release and press conference, including its publication of news articles thereon in its *NOW National Times*, NOW intended to, and it did, effect the dissemination within Illinois, as well as elsewhere, of its false report that plaintiff engaged in violent crime including arson and bombing." Second Am.Comp. ¶ 6. We find this a sufficient allegation that NOW committed a tortious act in Illinois. Because Scheidler has properly pled that the contents of both the press conferences and the news release were disseminated in Illinois, we find that this court has jurisdiction over NOW and Yard in her official capacity, and we need not consider Scheidler's allegations that the defendants have consented to jurisdiction.

The defendants argue that even if we find that this court has jurisdiction over

Yard in her capacity as a representative of NOW, Yard is protected from liability in her individual capacity by the "fiduciary shield" doctrine because she acted solely on behalf of NOW. *State Sec. Ins. Co. v. Frank B. Hall & Co., Inc.*, 530 F.Supp. 94, 97 (N.D.Ill.1981). Scheidler's second amended complaint alleges that defendants were acting in their personal capacities as well as to further the interests of NOW. Second Am.Comp. ¶ 8. We reserve ruling on both Yard's and Ireland's vulnerability to suit in their individual capacities to a later date.

## II. Ireland's "Aiding [and] Abetting" Remarks

■ In our Order, we dismissed the portions of the first complaint that referred to Ireland's statements[1] because we found that they were expressions of her opinion about Scheidler's actions "and did not imply the existence of any undisclosed facts upon which her opinion was based." *Scheidler*, 739 F.Supp. at 1217. We relied on *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974) and *Mittelman v. Witous*, 135 Ill.2d 220, 142 Ill.Dec. 232, 552 N.E.2d 973 (1989) for the proposition that statements of opinion are not actionable, and we determined that Ireland's statements were opinion based on particular underlying facts that Scheidler did not allege to be false or defamatory. *Scheidler*, 739 F.Supp. at 1217.

Scheidler now argues that the United States Supreme Court in *Milkovich v. Lorain Journal Co.*, — U.S. —, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990), decided only a short time after our Order, requires that we restore the claims against Ireland. We agree and hereby reverse our decision that Ireland's "aiding [and] abetting" statements are insulated from a defamation claim as opinions. In *Milkovich*, the Court dispelled the notion that anything labelled "opinion" was automatically exempt from

defamation. The Court determined that the safeguards outlined in the Court's previous caselaw obviated the need to carve out a separate privilege for opinion. The Court held that to be defamatory, the connotation of wrongdoing must be "sufficiently factual to be susceptible of being proved true or false." *Milkovich*, 110 S.Ct. at 2707. We find that Ireland's statements are sufficiently factual to be susceptible of being proved true or false and reverse our earlier decision in light of *Milkovich*.

Our inquiry does not end here, however, because the defendants argue that Ireland's comments are protected by the absolute judicial privilege under the Illinois fair comment rule. In our previous order we outlined the parameters of this privilege:

An absolute privilege protects anything said or written in a legal proceeding *Skopp v. First Federal Savings of Wilmette*, 189 Ill.App.3d 440, 545 N.E.2d 356, 360, 136 Ill.Dec. 832, 836 (1989); *Emery v. Kimball Hill, Inc.*, 112 Ill. App.3d 109, 445 N.E.2d 59, 61, 67 Ill.Dec. 767, 769 (1983). Under the Illinois fair comment rule, "a communication reporting the contents of a judicial proceeding is privileged, although it contains defamatory statements, if it is (a) accurate and complete or a fair summary of the proceedings, and (b) not made solely for the purpose of causing harm to the person defamed." *Id.* To defeat the privilege accorded to publication of the contents of judicial proceedings and summaries thereof, plaintiff must allege that the statements were published *solely* for the purpose of defaming him and not for the purpose of informing the public.

*Scheidler*, 739 F.Supp. at 1215. We find that the information available in considering a motion to dismiss is of little assistance to us in determining whether absolute

---

**1.** 3. IRELAND—Scheidler was associated with the more overtly violent tactics. This statement is followed by a discussion of threats of reprisals made against clinic administrators, including Scheidler's statements that he was there to case a clinic, that he had never lost a tear over real estate being destroyed, and 'so what' if one of their anti-abortion counselors drops a lit cigarette in a waste basket. Ire-

land then states, 'Certainly that is encouraging and aiding abetting [sic] the people who are involved in the arsons and bombings.' She also states that Scheidler read a letter to the anti-abortion conference at the beginning of their meeting from an individual in jail for bombings and arsons of clinics. *Scheidler*, 739 F.Supp. at 1216.

judicial privilege applies under the *Skopp* test. We shall deal with the problem on a motion for summary judgment following further discovery.

### III. *The "Burned and Bombed" Statement*

#### A. Judicial Privilege

█ In our Order we dismissed the Ireland claims based on absolute judicial privilege, but determined that "bombed and burned" statement is not similarly covered because the complaint in *NOW v. Scheidler* contained no "allegations that any defendant participated in any arson or bombing of a clinic." *Scheidler,* 739 F.Supp. at 1216. The defendants argue that these statements are protected by judicial privilege because they "pertain to litigation" and because protected comments "need not be confined to the specific issues involved in the litigation." *Skopp v. First Fed. Sav. of Wilmette,* 189 Ill.App.3d 440, 136 Ill. Dec. 832, 837, 545 N.E.2d 356, 361 (1989). Because we now believe that the privilege has a broader scope than we had previously recognized, we withdraw our previous ruling that the "bombed and burned" statement is protected by judicial privilege and reserve judgment on this argument until further discovery has been done and a motion for summary judgment is filed with supporting materials.

#### B. Innocent Construction

█ The defendants next renew their argument that under the innocent construction rule the "bombed and burned" statement is non-defamatory because it would be reasonable to conclude that the statement referred to someone other than Scheidler. We must repeat what we said in our Order that "[g]iven the statement following [the bombed and burned statement], that Scheidler has been quieter since the filing of the lawsuit, it seems that the most reasonable interpretation of that statement is that it refers to Scheidler and the others also being named as being 'quieter.' " *Scheidler,* 739 F.Supp. at 1218. Therefore, we found then that the reference to Scheidler was a specific one, and the defendants present no authority to convince us that we erred.

### CONCLUSION

For the foregoing reasons, we grant the motion in part and deny in part. The defendants' motion to dismiss for lack of service of process and lack of jurisdiction over NOW and Yard in her official capacity are denied. We are not prepared to rule at this time on whether we have jurisdiction over Yard in her individual capacity and reserve our decision to a later time. We reverse our ruling in *Scheidler v. National Org. for Women, Inc.,* 739 F.Supp. 1210 (N.D.Ill. 1990) that Ireland's "aiding and abetting" comment is protected as opinion, but reserve our ruling on the defendants' "judicial privilege" argument until a motion for summary judgment is filed. Likewise, we reserve our opinion on the defendants' "judicial privilege" argument concerning the "bombed and burned" statement. We deny the defendants' motion to dismiss the "burned and bombed" statement on the grounds of innocent construction.