LAWRENCE M. LYKOWSKI, Plaintiff-Appellant and Cross-Appellee, v. ROBERT L. BERGMAN, Indiv. and as Chairman of the 13th Judicial Sub-Circuit Republican Campaign Committee, *et al.*, Defendants-Appellees and Cross-Appellants.

First District (6th Division)   No. 1—96—4169

Opinion filed September 18, 1998.

James F. Driscoll, of James F. Driscoll, P.C., of Schaumberg, for appellant.

Richard A. Valentino, of Nelson & Valentino, of Arlington Heights, and

Neil M.B. Rowe, of Levin, McParland, Phillips & Leydig, of Chicago, for appellees.

JUSTICE ZWICK delivered the opinion of the court:

This appeal is from a judgment entered pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619 (West 1996)) on defendants' motions to dismiss the plaintiff's one-count complaint alleging libel. The cross-appeal is from an order of the circuit court denying defendants' motion pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137) for sanctions. In addition to defendants' Rule 137 cross-claim, we are asked to consider (1) whether the trial court abused its discretion in refusing to allow defendant Robert L. Bergman to withdraw his originally filed answer and substitute therefor the motions to dismiss; (2) if not, whether the trial court committed reversible error in dismissing the complaint either on grounds that it failed to allege sufficient facts to state a cause of action for libel or because the statements in the complaint alleged to have been libelous were protected by a defamation privilege; and (3) whether the court abused its discretion in refusing to consider plaintiff's proposed amended complaint.

The record establishes that on March 13, 1996, plaintiff, Lawrence M. Lykowski, filed a one-count complaint in the circuit court alleging libel against defendants, Robert L. Bergman and the 13th Judicial Sub-Circuit Republican Campaign Committee. Bergman was named in both his individual and representative capacities. Lykowski alleged that he was a Republican candidate for the office of judge of the circuit court of Cook County, sub circuit 13(A), and that, on or about March 14, 1996, Bergman accused him of "certain unethical acts and improper conduct," as well as being a liar. Bergman was alleged to have made these allegations to the "the newspapers" and to Lykowski's employer, the Cook County State's Attorney. The complaint further asserted that Bergman made the accusations for the sole purpose of disparaging and discrediting Lykowski in his campaign for the office of judge.

Also on March 15, 1996, plaintiff Lykowski filed an *ex parte* motion for temporary restraining order, which sought to prevent Bergman from publishing any further information regarding Lykowski. The motion stated that Bergman had "leaked" to "certain newspapers" a letter addressed to the Attorney Registration and Disciplinary Commission (ARDC) for the sole purpose of defaming Lykowski's professional reputation. The letter, which is dated March 9, 1996, was attached to the motion as an exhibit. The motion alleged that Bergman's letter was libelous *per se* in that it included following allegedly false allegations:

(1) that Lykowski had deliberately omitted truthful answers to certain questions asked of him by the Chicago Bar Association Judicial Evaluation Committee;

(2) that a murder conviction in the case of *People v. Phillips*, 159 Ill. App. 3d 142 (1987), was reversed on appeal because of improper comments made during the trial by Lykowski; and

(3) that Lykowski was involved in improper conduct as a prosecutor "regarding a DUI trial" that occurred on or about February 4, 1994.

These specific allegations were *not* included in Lykowski's complaint. After listening to testimony on the motion, the court denied Lykowski's request for a temporary restraining order.

On that same day, March 15, 1996, defendant Bergman entered a hand-written answer to Lykowski's complaint. In the answer, Bergman admitted many of the substantive allegations of plaintiff's complaint, including the allegation that he had accused Lykowski of certain unethical acts and improper conduct on or about March 14, 1996. Bergman denied, however, that (1) he had presented no evidence supporting his charges of ethical misconduct, (2) charges of ethical misconduct had never before been brought against Lykowski; and (3) he had made the allegedly false statements concerning Lykowski for the sole purpose of disparaging and discrediting him.

Approximately four weeks later, on April 16, 1996, Bergman made an oral motion to withdraw his answer. The circuit court entered an order giving him leave to withdraw it and to reanswer the complaint or otherwise plead within 14 days.

On May 1, 1996, Lykowski filed a motion to reconsider the court's order allowing Bergman to withdraw his answer. In the motion, Lykowski alleged that no good reason had been offered which warranted allowing the withdrawal. In response to this motion, Bergman filed a response which explained that the answer had been "hastily prepared" and that he had made the request to withdraw it so that pleadings could be filed testing the sufficiency of the complaint. Bergman cited authority holding that the decision to grant or deny such a request is within the sound discretion of the trial court (see, *e.g., Premo v. Falcone*, 197 Ill. App. 3d 625, 629, 554 N.E.2d 1071 (1990); *Wheeler v. Caterpillar Tractor Co.*, 123 Ill. App. 3d 539, 541-42, 462 N.E.2d 1262 (1984), *rev'd on other grounds*, 108 Ill. 2d 502, 485 N.E.2d 372 (1985)) and asserted that the court's April 16, 1996, decision to grant his request did not cause Lykowski any undue prejudice.

On May 10, 1996, the court denied Lykowski's motion to reconsider. The court also took notice of two motions to dismiss Lykowski's complaint and set them for hearing on September 3, 1996.

On September 3, 1996, following hearing on the motions, the circuit court entered an order dismissing plaintiff's complaint pursuant to the terms of sections 2—615 and 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615, 2—619 (West 1996)). In addition, the court denied Lykowski's request to allow him to amend the complaint. Lykowski thereafter filed this timely appeal.

■ Initially, we address Lykowski's claim that the trial court improperly allowed Bergman to withdraw his hand-written answer and file in its place the motions to dismiss. Section 2—616(a) of the Code (735 ILCS 5/2—616(a) (West 1996)) controls this issue. This section states that amendments raising new defenses may be allowed at *any time* before final judgment. Section 2—616(a) is to be liberally construed, and doubts that exist concerning the propriety of allowing an amendment must be resolved in favor of the party seeking to make it. *People ex rel. Foreman v. Village of Round Lake Park*, 171 Ill. App. 3d 443, 525 N.E.2d 868 (1988). Factors to be considered in determining whether the trial court abused its discretion in ruling on a request to amend include whether other parties would sustain prejudice or surprise by virtue of the proposed amendment and whether previous opportunities to amend pleadings could be identified. *Kupianen v. Graham*, 107 Ill. App. 3d 373, 377, 437 N.E.2d 774 (1982).

■ Here, Bergman's motion to withdraw his answer was made for the purpose of raising an affirmative defense and was made within a relatively short time after plaintiff's complaint had been filed. Lykowski does not allege any particular prejudice or surprise caused by the court's decision to allow the withdrawal of Bergman's answer, other than that he had to undergo the effort required to reply to the motions. Accordingly, we find no abuse of discretion. *Cf. Sunderland v. Tri-City Community Unit School District No. 1*, 193 Ill. App. 3d 266, 269-70, 549 N.E.2d 992 (1990); *Premo*, 197 Ill. App. 3d at 629.

We next turn to the question of whether the trial court improperly dismissed Lykowski's complaint, pursuant to either section 2—615 or section 2—619 of the Code. The court specifically stated that it was granting relief on both grounds. We address Bergman's section 2—615 motion first.

■ A motion to dismiss under section 2—615 tests the legal sufficiency of a pleading. *Doe v. Calumet City*, 161 Ill. 2d 374, 384, 641 N.E.2d 498 (1994). In determining the legal sufficiency of a complaint, all well-pleaded facts are taken as true and all reasonable inferences from those facts are drawn in favor of the plaintiff. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 490, 675 N.E.2d 584 (1996). The sufficiency of a complaint is an issue of law which we review *de novo*. *Busch v. Graphic Color Corp.*, 169 Ill. 2d 325, 333, 662 N.E.2d 397 (1996). The

question on appeal from the granting of a section 2—615 motion is whether the allegations in the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Connick*, 174 Ill. 2d at 490.

■ Bergman notes that in order to survive a motion to dismiss pursuant to section 2—615, a complaint must state a cause of action that is both legally and factually sufficient. *Wieseman v. Kienstra, Inc.*, 237 Ill. App. 3d 721, 722, 604 N.E.2d 1126 (1992). A legally sufficient complaint is one that sets forth a legally recognized claim upon which the plaintiff is entitled to recover damages. *Northrop Corp. v. Crouch-Walker, Inc.*, 175 Ill. App. 3d 203, 205-06, 529 N.E.2d 784 (1988). A factually sufficient complaint must plead facts that are essential to the plaintiff's alleged cause of action. *Robbins v. City of Madison*, 193 Ill. App. 3d 379, 381, 549 N.E.2d 947 (1990). A complaint is properly dismissed pursuant to section 2—615 if it is either legally or factually insufficient. *People ex rel. Fahner v. Carriage Way West, Inc.*, 88 Ill. 2d 300, 430 N.E.2d 1005 (1981).

■ In this case, the plaintiff's complaint sought to make out a claim alleging libel, a cause of action Bergman concedes exists in Illinois. The complaint is therefore legally sufficient. Bergman argues, however, that Lykowski's complaint fails to set forth facts sufficient to make out a libel claim. We agree.

■ While notice pleading prevails under the federal rules (*Conley v. Gibson*, 355 U.S. 41, 45-47, 2 L. Ed. 2d 80, 84-85, 78 S. Ct. 99, 101-02 (1957)), a civil complaint in Illinois is required to plead the ultimate facts that give rise to the cause of action. Thus, a complaint for defamation must set forth the words alleged to be defamatory "clearly and with particularity." *Mittelman v. Witous*, 135 Ill. 2d 220, 552 N.E.2d 973 (1989); *O'Donnell v. Field Enterprises, Inc.*, 145 Ill. App. 3d 1032, 1042, 491 N.E.2d 1212 (1986). In this case the complaint merely alleged that "on or about March 14, 1996, the Defendant accused the Plaintiff of certain unethical acts and improper conduct," and that "[d]efendants *** transmitted via facsimile a certain letter to the newspapers, that the Plaintiff was a liar and was guilty of unethical and improper conduct." These allegations are vague and conclusory and fall short of the "clearly and with particularity" standard. Nowhere in the complaint is the nature of the "unethical" and "improper" conduct set out, making it impossible for Bergman to answer the complaint with any degree of certainty as to the allegations to which he is responding. It simply cannot be determined from the face of the complaint, for example, whether the statements that allegedly injured Lykowski were true or whether a privilege might apply to their publication.

In addition, the complaint is factually deficient because it cannot be determined from the complaint to whom the allegedly libelous statements were communicated. The allegations that the libelous statements were transmitted "to the newspapers" and to "plaintiff's employer" is not particularly helpful in this regard.

The complaint is factually deficient for a third reason. Where a public figure such as a judicial candidate alleges defamation, he must establish that the defamatory statements were made with actual malice, *i.e.*, with knowledge of their falsehood or a reckless disregard for their truth or falsity. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 41 L. Ed. 2d 789, 94 S. Ct. 2997 (1974). In Illinois, a factually sufficient complaint must set forth specific allegations from which actual malice may reasonably be inferred, as opposed to making bare allegations of actual malice. *Mittelman*, 135 Ill. 2d at 238; *Sweeney v. Sengstacke Enterprises, Inc.*, 180 Ill. App. 3d 1044, 536 N.E.2d 823 (1989). Again, Lykowski's complaint is in this regard conclusory, alleging only that Bergman knew his allegations were false and that the defamatory statements "were wrongful, unlawful and malicious." Even if the actual statements had been set forth, there are no allegations of fact in the complaint giving rise to a reasonable inference showing Bergman knew the statements were false or that he proceeded in making the statements with a reckless disregard for their falsity. For each of these reasons, the trial court correctly granted the section 2—615 motion.

We now confront the question of whether the trial court properly dismissed Lykowski's complaint on section 2—619 grounds. As we explain more fully below, the issue is important for our ultimate resolution of the appeal. Bergman now claims, as he did below, that because the statements Lykowski seeks to attack as libelous were first made as part of an ARDC "quasi-judicial proceeding," Lykowski's complaint was properly dismissed.

■ As with section 2—615 motions, we review the grant of a motion to dismiss under section 2—619 on a *de novo* basis. *Corluka v. Bridgford Foods of Illinois, Inc.*, 284 Ill. App. 3d 190, 192, 671 N.E.2d 814 (1996). The purpose of a motion to dismiss under section 2—619 is to dispose of issues of law and easily proved issues of fact at the outset of a case. *Zedella v. Gibson*, 165 Ill. 2d 181, 185, 650 N.E.2d 1000 (1995). The question on appeal is whether there exists in the record a genuine issue of material fact precluding dismissal or, absent an issue of material fact, whether dismissal is proper as a matter of law. *Corluka*, 284 Ill. App. 3d at 192.

■ For purposes of considering a section 2—619 motion, we treat all well-pleaded facts and reasonable inferences that can be drawn

from the complaint as true. *Arlt v. GreatAmerican Federal Savings & Loan Ass'n*, 213 Ill. App. 3d 584, 587, 572 N.E.2d 1115 (1991). Section 2—619(a)(9) of the Code, the specific provision upon which Bergman relies, provides for involuntary dismissal of a cause of action where the claim asserted is barred by "affirmative matter" avoiding the legal effect of or defeating the claim. 735 ILCS 5/2—619(a)(9) (West 1996). The reference to "affirmative matter" is said to be something in the nature of a defense that completely negates the cause of action or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. *Fancher v. Central Illinois Public Service Co.*, 279 Ill. App. 3d 530, 534, 664 N.E.2d 692 (1996). In a defamation action, the issue of absolute privilege is treated as an affirmative defense that may be raised and determined in a section 2—619 motion. *Harris v. News-Sun*, 269 Ill. App. 3d 648, 651, 646 N.E.2d 8 (1995).

Bergman is correct that the ARDC sometimes acts as a quasi-judicial body and that complaints filed with judicial or quasi-judicial bodies are often treated as being absolutely privileged. It is also true, however, that the ARDC sometimes acts merely as an investigative agency. Under ARDC Disciplinary Commission Rule 55, matters referred to the agency by members of the public are first considered by the ARDC Administrator, who passes them on, if they so warrant, to the Inquiry Board for review and investigation. Dis. Com. R. 55 (eff. October 21, 1988). The Inquiry Board is charged with promptly determining whether there is sufficient evidence to justify the filing of a formal ARDC complaint. Dis. Com. R. 102 (eff. July 12, 1990); Dis. Com. R. 104 (eff. July 25, 1986).

We agree that Bergman possesses an absolute privilege allowing him to make defamatory statements to the ARDC concerning attorney Lykowski's alleged professional misconduct. Although there is apparently some disagreement on the issue among the various jurisdictions concerning whether a preliminary complaint to an agency such as the ARDC should be protected by an absolute privilege, the better view, in our judgment, is that an absolute privilege exists for any statements made during any step preliminary and necessary to a judicial or quasi-judicial proceeding. See generally W. Keeton, *Prosser & Keeton on Torts* § 114, at 819 (5th ed. 1984) (hereinafter, *Prosser*). Such a privilege provides a complete bar to any claim alleging defamation, regardless of the speaker's motive or the unreasonableness of his conduct. This assures that individuals are in no way discouraged from lodging complaints with the appropriate disciplinary authorities. Thus, we conclude that statements made to the ARDC regarding attorney misconduct, no matter how false or outrageous, are simply beyond the reach of a civil complaint alleging libel.

We do not agree with Bergman's argument, however, that because he was privileged to defame Lykowski before the ARDC, he was also free to do so to third parties such as the media or Lykowski's employer. *Cf. Prosser* at 819-20 ("statements given to the newspapers concerning the case are [not] part of the judicial proceeding, and are not absolutely privileged"). Thus, if Bergman's statements to third parties are to be given protection from Lykowski's defamation claims, they must be covered by a different form of privilege.

Bergman notes that a second type of privilege exists for defamatory statements that represent a fair report of judicial or other public proceedings. He argues that all of Lykowski's defamation claims are based upon Bergman's conduct in forwarding copies of his written charges to the ARDC to third parties, but that he is entitled to make such a publication under Illinois common law. We disagree with Bergman's claim for two reasons.

■ Unlike the absolute privilege that attaches to statements made preliminarily to a judicial or quasi-judicial proceeding, the fair reporting privilege asserted by Bergman is merely a qualified privilege, which does not serve to bar defamation claims; rather, it merely enhances a defamation plaintiff's burden of proof. *Kuwik v. Starmark Star Marketing & Administration, Inc.*, 156 Ill. 2d 16, 27, 619 N.E.2d 129 (1993). A defendant who establishes the existence of such a privilege forces the plaintiff to prove that the defendant either intentionally published the material while knowing the matter was false or displayed a reckless disregard as to the matter's falseness. *Kuwik*, 156 Ill. 2d at 24. The privilege is limited to those situations where the public proceedings are described by the defendant (1) completely and accurately, or where a fair summary of the proceedings is made, and (2) the statements are not made solely for the purpose of causing harm to the person defamed. *Reed v. Northwestern Publishing Co.*, 155 Ill. App. 3d 796, 797, 508 N.E.2d 772 (1987); *Emery v. Kimball Hill, Inc.*, 112 Ill. App. 3d 109, 112, 445 N.E.2d 59 (1983); *Newell v. Field Enterprises, Inc.*, 91 Ill. App. 3d 735, 744, 415 N.E.2d 434 (1980).

■ It follows that section 2—619 relief is properly granted on the basis of qualified privilege, as opposed to an absolute privilege, only when there are no allegations of actual malice made by the plaintiff and when it can be established that the statements made in the judicial or quasi-judicial proceeding are complete and accurate or are a fair summary of those proceedings. When a plaintiff alleges in his complaint that an allegedly defamatory statement is made with malice as Lykowski attempted to do, a question of fact is created as to whether any qualified privilege the defendant may have possessed has been forfeited through its abuse. *Kuwik*, 156 Ill. 2d at 27, citing Restate-

ment (Second) of Torts §§ 593 through 599 (1977). The question for the finder of fact becomes whether the defamatory statement was made solely for the purpose of causing harm to the person who was defamed. Section 2—619 dismissal in such circumstances is not appropriate.

More fundamentally, section 2—619 relief was improperly granted in this case because Bergman's charges to the ARDC are simply *not* analogous to charges brought in the circuit court or other public forum. The question of whether the public has the right to be informed of the existence and nature of proceedings before the quasi-judicial or judicial body is an important one in establishing the fair reporting privilege because the privilege is based upon the public's interest in having access to the proceeding. As discussed by *Prosser*:

> "[I]t was clearly recognized to be in the public interest that information be made available as to what takes place in certain kinds of judicial, legislative and other public proceedings. Therefore, a qualified privilege of a special kind was recognized under which a newspaper or anyone else might make such a report to the public. The privilege rests upon the idea that any member of the public, if he were present, might see and hear for himself, so that the reporter is merely a substitute for the public eye—this, together with the obvious public interest in having public affairs made known to all." *Prosser*, § 115, at 836.

See also *Newell*, 91 Ill. App. 3d at 744.

In this case the public did not have a right to review Bergman's charges with the ARDC because, contrary to Bergman's central premise, such charges are "private and confidential" until the ARDC determines to act upon them in the form of a formal complaint. See 134 Ill. 2d R. 766. Thus, Bergman cannot claim a privilege as someone acting as a "substitute for the public eye" because the public has, at this early stage of the ARDC complaint process, no right to information concerning the existence or nature of the charges. Accordingly, Bergman's statements to third parties concerning the charges he made to the ARDC are actionable to the extent that they can be shown to have maliciously defamed Lykowski.

With the above analysis in mind, we examine whether the trial court properly refused to consider Lykowski's request to amend his complaint. In his response to defendants' motions to dismiss, Lykowski specifically asked the court to allow him the opportunity to amend his pleadings if his complaint were found to be factually deficient. He included with his response a copy of his first amended verified complaint for libel (defamation), which consisted of three counts. The court refused to consider the amendment, however, find-

ing that even if the factual failings of Lykowski's complaint were corrected, the defamation privileges Bergman enjoyed would preclude Lykowski from ever making out a cause of action for defamation.

As we have concluded, Bergman was not privileged to forward copies of his ARDC letter to third parties. Therefore, the court's reasons for refusing to consider the amendment were erroneous. Accordingly, we remand the matter back to the trial court for further proceedings.

Finally, we briefly address Bergman's cross-appeal in which he claims the trial court abused its discretion in refusing to award him Rule 137 sanctions against Lykowski. We conclude that, until final judgment, such claims are necessarily interlocutory in nature. In light of our disposition on the other issues presented, we find that the cross-appeal is not yet ripe for review.

In sum, plaintiff Lykowski's complaint alleging libel was properly dismissed because it was factually insufficient to state a cause of action. The complaint was not properly dismissed, however, on ground that defendant Bergman had a qualified privilege to defame Lykowski, although an absolute privilege exists for Bergman to make charges with the ARDC regarding Lykowski's allegedly unethical professional conduct. On remand, the circuit court is directed to reconsider Lykowski's motion to amend his complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

CAMPBELL, P.J., and GREIMAN, J., concur.