15 November 1999

No. 2--98--0473

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

IVAN H. TEPPER,                 ) Appeal from the Circuit Court

                                ) of Lake County.

     Plaintiff-Appellant.       )

                                )

v.                              ) No. 97--L--728     

                                )          

COPLEY PRESS, INC., JIM BERKLAN,)

and CHARLES SELLE,              ) Honorable                  

                                ) James C Franz,

Defendants-Appellees.      ) Judge, Presiding.

_________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

The plaintiff, Ivan H. Tepper, appeals the trial court's dismissal of his complaint alleging, 
inter alia
, that the defendants, Copley Press, Inc., Jim Berklan, and Charles Selle, defamed the plaintiff after writing and publishing a newspaper article about the plaintiff's suspension from the practice of law.  We affirm and remand for further proceedings.

The following facts are taken from the record.  On June 28, 1996, the Administrator for the Attorney Registration and Disciplinary Commission (ARDC) filed a three-count complaint against the plaintiff alleging misconduct.  Count I essentially alleged that the plaintiff failed to provide adequate representation to Betty Johnson, who was involved in an automobile accident in 1991.  The plaintiff agreed to represent Johnson on a contingency fee basis but provided no written agreement.  The plaintiff neglected the case, failed to file a claim within the statute of limitations period, and failed to advise Johnson about the status of her case.  Count II alleged that the plaintiff failed to provide adequate representation to Nicole Drobnick in a dissolution of marriage proceeding.  The plaintiff requested and received $350 for subpoena service and witness fees, deposited the check in his general account, and then used the money for personal and business expenses.  Count III alleged that the plaintiff failed to provide adequate representation to Robert Neal in an automobile case.  The plaintiff agreed to represent Neal on a contingency fee basis but provided no written agreement.  The plaintiff nonsuited the case without Neal’s knowledge, refiled but failed to serve the defendant, falsely told Neal that the delay was due to bad faith on the part of the insurance company, and generally neglected the case.

The ARDC Hearing Board held a hearing on the matter on December 11, 1996.  On May 2, 1997, the ARDC Hearing Board (the Board) filed its report and recommendation finding that the ARDC Administrator proved all three charges against the plaintiff by clear and convincing evidence.  More specifically, regarding count I, the Board found the Administrator proved the following charges: (1) failure to provide competent representation to a client; (2) failure to act with reasonable diligence and promptness in representing a client; (3) failure to keep a client reasonably informed about the status of a matter and to comply promptly with reasonable requests for information; (4) failure to execute a written contingent fee agreement; (5) engaged in conduct that was prejudicial to the administration of justice; and (6) engaged in conduct that tended to defeat the administration of justice or to bring the courts or the legal profession into disrepute.  Regarding count II, the Hearing Board found the Administrator proved the following charges: (1) conversion; (2) failure to deposit client funds in a separate and identifiable account; (3) failure to deposit all nominal or short-term funds of clients, including advances for costs and expenses, in one or more pooled interest-

bearing trust accounts; (4) conduct involving dishonesty, fraud, deceit, or misrepresentation; (5) conduct that was prejudicial to the administration of justice; and (6) conduct that tended to defeat the administration of justice or to bring the courts or the legal profession into disrepute.  Regarding count III, the Hearing Board found the Administrator proved the following charges: (1) failure to provide competent representation to a client; (2) failure to act with reasonable diligence and promptness in representing a client; (3) failure to keep a client reasonably informed about the status of a matter; (4) conduct involving dishonesty, fraud, deceit, or misrepresentation; (5) conduct that was prejudicial to the administration of justice; and (6) conduct that tended to defeat the administration of justice or to bring the courts or the legal profession into disrepute.  The Hearing Board recommended that the plaintiff be suspended from the practice of law for two years.

Defendant Copley Press, Inc., published an article in its June 14-15, 1997, weekend edition of its newspaper, the News-Sun.  The article summarized the Hearing Board’s report and recommendation regarding the plaintiff.  The article was written by defendant Jim Berklan.  Defendant Charles Selle was an editor at the News-Sun.

On September 4, 1997, the plaintiff filed a 15-count complaint against the defendants.  The complaint alleged five different causes of action: defamation, false-light invasion of privacy, intentional infliction of emotional distress, civil conspiracy, and interference with prospective economic advantage.  All of the claims were based on the premise that the news article contained false and defamatory statements.

In December 1997, the ARDC Review Board reversed the Hearing Board’s findings regarding count II.  The ARDC Review Board held that the Administrator failed to  prove the misconduct charged in count II by clear and convincing evidence.  

The defendants moved to dismiss under both section 2--619 and section 2--615 of the Code of Civil Procedure (735 ILCS 5/2--615, 2--619 (West 1996)).  The section 2--619 portion of the motion raised the official report privilege and the substantial truth and incremental harm defenses as affirmative bars to the plaintiff's claims.  The section 2--615 portion of the motion further contended that the complaint failed to allege any facts specifying which statements contained in the article were false and failed to allege any facts that, if proved, would establish that the defendants knew or should have known that the statements were false.  The defendants also stated that the plaintiff otherwise failed to set forth facts establishing a cause of action.

On April 16, 1998, the trial court granted the defendants' section 2--619 portion of the motion to dismiss and dismissed the plaintiff's complaint with prejudice.  The order included Rule 304(a) (155 Ill. 2d R. 304(a)) language in accordance with 
Niccum v. Botti, Marinaccio, Desalvo & Tameling, Ltd.
, 182 Ill. 2d 6 (1998).  On April 20, 1998, the plaintiff filed his notice of appeal.  On May 14, 1998, the defendants filed a motion for sanctions under Supreme Court Rule 137.  155 Ill. 2d R. 137 .  The trial court has not yet ruled on this motion.  However, because the trial court's order contained Rule 304(a) language, we have jurisdiction over this appeal.  See 
Niccum
, 182 Ill. 2d at 9.  On May 28, 1998, this court denied the defendants' motion to dismiss the appeal. 

On appeal, the plaintiff contends that the trial court erred by granting the defendants’ motion to dismiss.  The plaintiff asserts that the official report privilege, incremental harm doctrine, and the substantial truth defense do not bar his claim.  The defendants claim that the trial court properly granted their motion to dismiss and properly ruled that the governmental report privilege barred the plaintiff’s claims.  We agree with the defendants.

The standard guiding our review of the trial court's decision to grant the defendants' section 2--619 portion of the motion (735 ILCS 5/2--619 (West 1996)) is clear.  Section 2--619(a)(9) of the Code of Civil Procedure provides for dismissal if "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim."  735 ILCS 5/2--619(a)(9) (West 1996).  Thus, the moving party admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats the claim.  
Aboufariss v. City of De Kalb
, 305 Ill. App. 3d 1054, 1067 (1999).  We review 
de novo
 the granting of a section 2--619 motion to dismiss. 
 
Aboufariss
, 305 Ill. App. 3d at 1067; 
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116 (1993)
.  "The purpose of a section 2--619 motion to dismiss is to provide a mechanism to dispose of issues of law and easily proved issues of fact, and the cause of action should not be dismissed on the pleadings unless it is clearly apparent that no set of facts can be proved which will entitle a plaintiff to recover."  
Nielsen-Massey Vanillas, Inc. v. City of Waukegan
, 276 Ill. App. 3d 146, 151 (1995).

The defendants in this case claim that they were protected by the governmental report privilege.  The plaintiff argues that the privilege does not protect the defendants because the news article was not fair or accurate and the defendants published the allegedly defamatory statements with the sole purpose of causing the plaintiff harm.  Essentially, the plaintiff alleged in his complaint that defendant Charles Selle, an editor at the News-Sun, wanted to harm the plaintiff because the plaintiff and Selle’s wife had opposing interests in a local election and a civil suit.  The defendants assert that the news article contained a fair and accurate summary of the ARDC Hearing Board report and that, contrary to the plaintiff’s belief, the privilege is not defeated by establishing actual malice.  We agree with the defendants.

The governmental report privilege protects news accounts based upon the written and verbal statements of governmental agencies and officials made in their official capacities.  
Gist v. Macon County Sheriff’s Department
, 284 Ill. App. 3d 367 (1996).   For this privilege our supreme court adopted section 611 of the Restatement of Torts (Restatement of Torts §611 (1938)), which then contained a two-prong test for the application of the privilege.  
Lulay v. Peoria Journal-Star, Inc.
, 34 Ill. 2d 112, 114-15 (1966).  At that time, section 611 provided:

"The publication of a report of judicial proceedings, or proceeding of a legislative or administrative body *** or of a body empowered by law to perform a public duty is privileged, although it contains matter which is false and defamatory, if it is

(a) accurate and complete or a fair abridgement of such proceedings, and 

(b) not made solely for the purpose of causing harm to the person defamed."  Restatement of Torts §611, at 293 (1938).

However, the Restatement (Second) of Torts revised the official report privilege by eliminating the second prong.  Section 611 now provides in pertinent part:

"The publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported."  Restatement (Second) of Torts §611, at 297 (1977).

This revised version of the privilege was adopted in 1980 by our supreme court in 
Catalano v. Pechous
, 83 Ill. 2d 146, 167-68 (1980).  The comments to section 611 of the Restatement (Second) Torts also make clear that actual malice no longer defeats the privilege.  Comment (a) provides in pertinent part:

"[T]he privilege exists even though the publisher himself does not believe the defamatory words he reports to be true and even when he knows them to be false.  Abuse of the privilege takes place, therefore, when the publisher does not give a fair and accurate report of the proceeding."  Restatement (Second) of Torts §611, Comment 
a
, at 298 (1977). 

Despite the supreme court’s adoption of the new version of the official report privilege, Illinois appellate courts reflected a confusion regarding whether actual malice still defeated the official report privilege.  Some cases stated that actual malice defeated the privilege (see, 
e.g.
, 
Lykowski v. Bergman
, 299 Ill. App. 3d 157, 166 (1998); 
Kumaran v. Brotman
,  247 Ill. App. 3d 216, 230 (1993); 
Reed v. Northwestern Publishing Co.
, 155 Ill. App. 3d 796, 797 (1987); 
Emery v. Kimball Hill, Inc.
, 112 Ill. App. 3d 109, 112 (1983); 
Newell v. Field Enterprises, Inc.
, 91 Ill. App. 3d 735, 744-45 (1980)), while others stated that actual malice did not defeat the privilege (see, 
e.g.
, 
Snitowsky v. NBC Subsidiary (WMAQ-TV), Inc.
, 297 Ill. App. 3d 304, 313 (1998); 
Gist v. Macon County Sheriff’s Department
, 284 Ill. App. 3d 367, 376 (1996); 
Martin v. State Journal-Register
, 244 Ill. App. 3d 955, 965 (1993); 
O’Donnell v. Field Enterprises, Inc.
, 145 Ill. App. 3d 1032, 1035-

36 (1986)).

After reviewing the cases and the comments to section 611 of the Restatement (Second) of Torts, we hold that actual malice does not defeat the official report privilege.  As explained in 
Gist
: 

"The accuracy of the summary, not the truth or falsity of the information being summarized, is the benchmark of the privilege, because the one reporting on the proceeding or meeting is simply acting as the public eye, reporting information 'that any member of the public could have acquired for himself.' "  
Gist
, 284 Ill. App. 3d at 376, quoting Restatement (Second) of Torts §611, Comment 
i
, at 301 (1977).

Thus, the only way the plaintiff in this case can defeat the official report privilege is to establish that the defendants’ news article was not an accurate and complete report or a fair abridgement of the report.  See 
Gist
, 284 Ill. App. 3d at 375; Restatement (Second) of Torts §611, at 297 (1977).

The plaintiff cites the following cases to support his argument that actual malice defeats the official report privilege: 
Kuwik v. Starmark Star Marketing & Administration, Inc.
, 156 Ill. 2d 16 (1993); 
Lulay v. Peoria Journal-Star, Inc.
, 34 Ill. 2d 112 (1966); 
Rosner v. Field Enterprises, Inc.
, 205 Ill. App. 3d 769 (1990); 
Emery v. Kimball Hill, Inc.
, 112 Ill. App. 3d 109 (1983); 
Tunney v. American Broadcasting Co.
, 109 Ill. App. 3d 769 (1982); 
Nagib v. News-Sun
, 64 Ill. App. 3d 752 (1978).  For the following reasons, none of these cases cited by the plaintiff are controlling here.

Kuwik
 did not discuss the official report privilege; it discussed other privileges contained in sections 593 through 599 of the Restatement (Second) of Torts (Restatement (Second) of Torts §§593 through 599 (1977)).  
Kuwik
, 156 Ill. 2d at 27, 29-30.  The Restatement (Second) of Torts explains that the official report privilege contained in section 611 is broader in scope than the conditional privileges at issue in 
Kuwik
.  See Restatement (Second) of Torts §611 Comment 
a
, at 297 (1977).  

Lulay
 and 
Nagib
 are not controlling here because both cases were decided before our supreme court adopted the new version of section 611 contained in the Restatement (Second) of Torts.  See  
Catalano
, 
83 Ill. 2d at 167-68.  

Emery erroneously cited 
Lulay
, after 
Catalano
 already adopted the new version of section 611.  
Emery
, 112 Ill. App. 3d at 112.  Similarly, the 
Rosner
 court cited 
Newell v. Field Enterprises, Inc.
, 91 Ill. App. 3d 735 (1980), which correctly cited to the Restatement (Second) of Torts section 611, but erroneously stated that actual malice defeats the official report privilege, citing 
Lulay
.  
Newell
, 91 Ill. App. 3d at 744.  Thus, these cases are not controlling here.

In addition, 
Tunney
 erroneously cited 
Catalano
 for the proposition that actual malice defeats the official report privilege.  
Tunney
, 109 Ill. App. 3d at 775.  
Catalano
 does not discuss actual malice in the context of the official report privilege.  
Catalano
, 83 Ill. 2d at 168.  It discusses the privilege regarding the republication of defamatory statements as to public officials and public figures.  
Catalano
, 83 Ill. 2d at 168.  The plaintiff in 
Catalano
 alleged that the writer of a newspaper article reported defamatory statements about a public official.  The plaintiff alleged that the writer did not hear the defamatory statements at a public meeting.  Instead, the plaintiff alleged that the writer heard the statements from another who gave an account of the meeting and then made additional statements to the writer that were not made at the meeting.  
Catalano
, 83 Ill. 2d at 168.  Because the plaintiff alleged that the news article was not a report of a public meeting, the official report privilege was not at issue in the court's discussion of actual malice.  Thus, 
Tunney
 is not controlling here.

Having clarified the law regarding the official report privilege, we now must decide whether the defendants' news article was an accurate and fair summary of the ARDC Hearing Board report.  On appeal, the plaintiff claims that the following statements were not protected by the official report privilege:

(1) "Tepper admitted to not responding to numerous telephone calls and letters over a four-year span from the friend [client], who wanted to know the status of his lawsuit." 

(2) "[Tepper’s prior six-month suspension] came after a 1985 hearing board ruled that he had mishandled a client’s property settlement while she was out of state."

(3) "In another case, [Tepper] allegedly used $350 for office rent and swimming pool services instead of depositing it into a client trust account."

Regarding the first statement, the ARDC report stated that "Neal [the plaintiff's client] wrote letters and attempted to speak with [Tepper] about the status of his case approximately ten times between May of 1992 and February 1995.  Neal left messages on [Tepper's] machine and with his secretary but these calls were not returned. Neal also sent [Tepper] letters, which were not answered."  The report also stated that "[Tepper] admits that he has not kept Neal [the plaintiff's client] reasonably informed about the status of his case." 

Regarding the second statement, our supreme court affirmed the ARDC Hearing Board's six-month suspension of the plaintiff after the Hearing Board found that the plaintiff recorded a quitclaim deed in violation of his client's instructions while the client was out of town.  
In re Tepper
, 126 Ill. 2d 109 (1988).  

Regarding the third statement, the ARDC report stated that "[Tepper] requested and received $350 from [his client] for subpoena service and witness fees for the anticipated hearing.  [Tepper] deposited the check in his general account which he used for personal and business expenses."  Further, the summary of evidence contained in the ARDC Hearing Board's report stated that: "[Tepper] specifically testified that he does not believe [his client] intended for [Tepper] to use the funds for office rent or swimming pool services as his checking account indicates it was used."   

After reviewing the record, we determine that, while the news article is not an exact reproduction of the ARDC Hearing Board report, it is a sufficiently fair and accurate summary.  Further, the differences noted by the plaintiff are not material.  
Gist
, 284 Ill. App. 3d at 377; Restatement (Second) of Torts §611, Comment 
f
, at 300 (1977).  All that is required is that the report "conveys to the persons who read it a substantially correct account of the proceedings." 
 Restatement (Second) of Torts §611, Comment 
f
, at 300 (1977); 
Gist
, 284 Ill. App. 3d at 377.

The plaintiff also claims that the article was not a fair and accurate summary because it made no mention of "any mitigation" that was noted in the ARDC report.  The plaintiff does not explain this claim; however, we assume he means that the defendants’ news article did not state that the ARDC Hearing Board report stated that the plaintiff performed 
pro bono
 work for a number of organizations.  This information was not exculpatory in any way; therefore, the absence of this information does not render the news article unfair or inaccurate.

We also recognize that the ARDC Review Board reversed the Hearing Board's finding regarding count II.  However, the Review Board's reversal did not occur until after the defendants' news article was published.  Therefore, the statements contained in the news article were fair and accurate at the time of publication and, therefore, not actionable.  See 
Emery
, 112 Ill. App. 3d at 113-14. 

[Nonpublishable material removed pursuant to Supreme Court Rule 23.]

Accordingly, the trial court properly dismissed the plaintiff's complaint.

The judgment of the circuit court of Lake County is affirmed, and the cause is remanded for further proceedings.

Affirmed.

BOWMAN, P.J., and COLWELL, J., concur.