DIANA THOMPSON, Plaintiff-Appellant, v. BRUCE FRANK *et al.*, Defendants-Appellees.

Third District    No. 3—99—0623

Opinion filed May 25, 2000.—Rehearing denied June 23, 2000.

R.J. Lannon, Jr., of Herbolsheimer, Lannon, Henson, Duncan & Reagan, of La Salle, and Joel M. Koppenhoefer (argued), of Herbolsheimer, Lannon, Henson, Duncan & Reagan, of Ottawa, for appellant.

Jerry Serritella (argued), of Peoria, for appellees.

PRESIDING JUSTICE SLATER delivered the opinion of the court:

Plaintiff, Diana Thompson, filed a complaint against defendants, Bruce Frank and Jerry Serritella, seeking damages for libel and intentional infliction of emotional distress. On defendants' motion, the trial court dismissed the complaint on the ground that defendants were absolutely privileged to make the defamatory statements alleged by plaintiff because the statements relate to pending litigation between plaintiff and defendant Frank. On appeal, plaintiff contends that absolute privilege does not bar her actions for libel and intentional infliction of emotional distress. For the reasons that follow, we reverse and remand.

Diana Thompson and Bruce Frank are parties to a child custody dispute. During the course of this dispute, Frank's attorney, Jerry Serritella, sent Jerry Thompson, Diana's husband, a letter. In the letter, Serritella related that Diana had engaged in a sexual relationship with Frank in the hope of persuading Frank to compromise his legal position in the custody dispute. Moreover, Serritella described Diana as "devious" and "dishonest." Serritella noted that Jerry (Thompson) is "in a unique position to be aware of the numerous things [Diana] has done with the purpose [of depriving] Mr. Frank of access to his son." Serritella urged Jerry to become a witness on Frank's behalf.

Subsequently, Diana filed a four-count complaint against Frank and Serritella. In the complaint, Diana alleges that Serritella's letter to her husband is defamatory. In counts I and III, Diana alleges that Frank and Serritella libeled her by sending the letter to her husband.

In counts II and IV, Diana alleges that Frank and Serritella intentionally caused her to suffer severe emotional distress.

Defendants filed a motion to dismiss pursuant to subsection 2—619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 1998)). In the motion, defendants contend that they cannot be held liable for making the allegedly defamatory statements because the statements were made in a communication related to an on-going judicial proceeding.

Defendants also filed the affidavit of Jerry Serritella. In the affidavit, Serritella avers that the honesty, character, and integrity of the parties had become an issue relevant to the custody dispute. Serritella further states that he sent the allegedly defamatory letter to Jerry Thompson in an effort to procure him as a witness against his wife. According to Serritella, procuring Jerry's testimony would help Frank to show that Diana had "continually interfered and attempted to thwart" Frank's visitation rights. Moreover, Serritella states that he sent the letter in the hope that it would cause Jerry to divorce Diana and thereby diminish Diana's financial ability to care for her son.

The trial court granted defendants' motion to dismiss with respect to all four counts of plaintiff's complaint. This appeal followed.

On appeal, plaintiff contends that the trial court erred by dismissing her complaint. In particular, plaintiff maintains that the allegedly defamatory statements made by defendants are not subject to an absolute privilege.

■ Subsection 2—619(a)(9) of the Code of Civil Procedure provides for dismissal of a complaint if "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of[,] or defeating[,] the claim." 735 ILCS 5/2—619(a)(9) (West 1998). Thus, under this subsection, the moving party admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats the claim. *Stratman v. Brent*, 291 Ill. App. 3d 123, 683 N.E.2d 951 (1997). In a defamation action, the issue of absolute privilege is treated as an affirmative defense that may be raised and determined in a section 2—619 motion. *Lykowski v. Bergman*, 299 Ill. App. 3d 157, 700 N.E.2d 1064 (1998).

■ In ruling on a section 2—619 motion, the trial court assumes the veracity of all well-pleaded facts of the complaint. *Stratman*, 291 Ill. App. 3d 123, 683 N.E.2d 951. Moreover, the trial court may consider all the pleadings, depositions, and affidavits of record. *Stratman*, 291 Ill. App. 3d 123, 683 N.E.2d 951. An order granting a section 2—619 motion is subject to *de novo* review. *Stratman*, 291 Ill. App. 3d 123, 683 N.E.2d 951. In particular, the reviewing court determines whether there exists a genuine issue of material fact that should have precluded

dismissal and, in the absence of such an issue of fact, whether the moving party is entitled to judgment as a matter of law. *Illinois Graphics Co. v. Nickum,* 159 Ill. 2d 469, 639 N.E.2d 1282 (1994).

■ An attorney is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding. Restatement (Second) of Torts § 586 (1977). A private litigant enjoys the same privilege concerning a proceeding to which he is a party. Restatement (Second) of Torts § 587 (1977). An absolute privilege provides a complete bar to a claim for defamation, regardless of the defendant's motive or the unreasonableness of his conduct. *Lykowski,* 299 Ill. App. 3d 157, 700 N.E.2d 1064. In light of the complete immunity provided by an absolute privilege, the classification of absolutely privileged communications is necessarily narrow. *Barakat v. Matz,* 271 Ill. App. 3d 662, 648 N.E.2d 1033 (1995). Whether an allegedly defamatory statement is subject to an absolute privilege is a question of law. *Barakat,* 271 Ill. App. 3d 662, 648 N.E.2d 1033.

In the case at bar, this court must decide whether a defamatory letter sent by one party's attorney to the spouse of the opposing party to a pending judicial proceeding falls within the class of absolutely privileged communications. We conclude that it does not.

■ In Illinois, the absolute privilege concerning communications related to a judicial proceeding has been extended to out-of-court communications between opposing counsel, between attorney and client related to pending litigation, and between attorneys representing different parties suing the same entities. *Golden v. Mullen,* 295 Ill. App. 3d 865, 693 N.E.2d 385 (1997). However, Illinois courts have not extended the privilege to cover an attorney's out-of-court communications to other persons. See, *e.g., Golden,* 295 Ill. App. 3d 865, 693 N.E.2d 385 (declining to extend privilege to cover out-of-court communications between attorney and former client's spouse). Defendants cite no authority for extending the privilege to out-of-court communications between an attorney and an opposing party's spouse. Moreover, in view of the narrow application of the privilege, we find no compelling reason to extend the privilege to the circumstances of the case *sub judice*. Therefore, we hold that an absolute privilege does not bar a libel action based on an allegedly defamatory communication between one party's attorney and the spouse of the opposing party to pending litigation.

■ Plaintiff also contends that the trial court erred by dismissing her action for intentional infliction of emotional distress based upon

defendants' claim of absolute privilege. No Illinois court has addressed the question of whether the absolute privilege described in sections 586 and 587 of the Restatement (Second) of Torts (Restatement (Second) of Torts §§ 586, 587 (1977)) will also bar an action for intentional infliction of emotional distress where both actions arise from the same allegedly defamatory communication. Other jurisdictions have extended the absolute privilege to intentional infliction of emotional distress under such circumstances. See, *e.g.*, *Rose v. First American Title Co.*, 907 S.W.2d 639 (Tex. Ct. App. 1995). However, we have already determined that the absolute privilege claimed by defendants does not bar plaintiff's libel action. Accordingly, the privilege cannot extend beyond plaintiff's defamation action to bar other causes of action where the privilege does not even bar the defamation action.

■ Finally, we are not persuaded that defendants were absolutely privileged to publish the defamatory letter in the case at bar because, as defendants claim, they were merely insisting upon their legal rights in a permissible way. See Restatement (Second) of Torts § 46, Explanatory Notes, Comment *g*, at 76 (1965) (defendant will not be held liable "where he has done no more than to insist upon his legal rights in a permissible way"). By sending the allegedly defamatory letter, defendants were not insisting upon any legal right but simply hoping to gain advantage in pending litigation. Therefore, in the absence of any basis for absolute privilege, we must reverse the trial court's dismissal of plaintiff's action for intentional infliction of emotional distress.

For the foregoing reasons, the judgment of the circuit court of Bureau County is reversed and remanded for proceedings consistent with this opinion.

Reversed and remanded.

KOEHLER and LYTTON, JJ., concur.