**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 27, 2012[*]
Decided June 28, 2012

**Before**

JOEL A. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 10-3275 & 11-1761

| | |
|---|---|
| MERDELIN V. JOHNSON, *Plaintiff-Appellant,* | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 C 5406 |
| TARGET CORPORATION, *Defendant-Appellee.* | Harry D. Leinenweber, *Judge*. |

### O R D E R

Merdelin Johnson sued the Target Corporation for negligence in this diversity action after she slipped on a spill at a Target store and allegedly sustained neck and back injuries. Her claim eventually went to trial and the jury found in Target's favor. Johnson appeals, challenging certain evidentiary rulings as well as the court's postjudgment award of costs to Target. Because the district court did not abuse its discretion with respect to these decisions, we affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Johnson was shopping at a Target store in Evanston, Illinois, when she slipped on a spill that she described later as either a liquid or powder. According to Johnson, her body pitched forward but she did not fall. She reported the spill to a Target employee and later filed an incident report. She saw a physician a week later for neck and back pain.

Johnson, an Illinois citizen, sued Target in state court, alleging that the accident occurred as a result of the company's negligence. Target, she maintained, had failed to adequately inspect and maintain safety in its Evanston store. Her neck and back injuries, she further alleged, required her to seek medical help, subjected her to physical pain, caused her to miss work, and prevented her from performing everyday activities. Target, a Minnesota corporation, removed the case to federal court.

Discovery ensued and Target—in response to some of Johnson's requests—mistakenly admitted that it knew about the origin of the spill. Shortly after the close of discovery, Target realized that such admissions were mistaken and moved to withdraw them; the court granted the motion. Subsequently, the court ruled that evidence of prior slip-and-fall accidents at the Evanston store (more than 30 such accidents over a 3-year period) had to be excluded from trial because Johnson did not show that any of these accidents resembled her own.

The case proceeded to trial, at which Johnson, three Target employees, and a treating physician testified. Johnson tried to show that she slipped on an absorbent powder that Target used to clean up liquid spills. Target called one of its employees, who testified that the absorbent clumps up after put on a liquid and is not slippery, and counsel read to the jury Johnson's deposition transcript, in which she said that she did not know what the spill was or how long it had been on the floor. The jury returned a verdict in Target's favor. Target then sought litigation costs from Johnson in the amount of $5500. The court settled upon $2500.

On appeal, Johnson first challenges the district court's pretrial ruling that Target could withdraw two of its admissions concerning the origin of the spill. The court granted Target's motion because the admissions were clearly inconsistent with its other discovery responses denying knowledge about the spill. Johnson argues that she was prejudiced by the court's decision in that she had relied on the admissions and could no longer seek more evidence because discovery had closed.

Johnson's argument is not persuasive. A court may permit withdrawal of an admission if the party opposing withdrawal fails to show prejudice, FED. R. CIV. P. 36(b); *Banos v. City of Chicago*, 398 F.3d 889, 892–93 (7th Cir. 2005), and this Johnson has not shown. There is no prejudice if the withdrawing party's submissions have otherwise consistently

denied the admitted facts, the party opposing the withdrawal conducted thorough discovery, or the withdrawal is made before trial and discovery may be reopened. *See Conlon v. United States*, 474 F.3d 616, 622–24 (9th Cir. 2007); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1267–68 (11th Cir. 2002). Here, Target denied knowing about the origin of the spill throughout its answer and discovery responses, Johnson conducted discovery that included deposing three Target employees, and Target's admissions were withdrawn before trial and discovery could have been reopened.

Next Johnson faults the district court's pretrial decision to exclude evidence of slip-and-fall accidents at the Evanston store. But the court did not abuse its discretion by excluding this evidence because evidence of prior accidents is relevant so long as the accidents are "substantially similar" to the one at issue. *Mihailovich v. Laatsch*, 359 F.3d 892, 908 (7th Cir. 2004); *Weir v. Crown Equip. Corp.*, 217 F.3d 453, 457 (7th Cir. 2000). The evidence here, however, included reported accidents occurring in different parts of the store and involving different causes, and Johnson never tried to show how these accidents resembled hers.

Johnson next argues that at trial the court improperly limited the testimony she wanted to present from Dr. Carl Hill, the physician who treated her shortly after her accident and diagnosed a slipped disk and muscle spasms. The court limited Dr. Hill to testifying about his examination of Johnson, and declined to treat him as an expert witness because she had not designated him as such before trial. Johnson acknowledges failing to list Dr. Hill as an expert witness, but downplays the oversight as harmless because she did list him as a lay witness.

The district court did not abuse its discretion by limiting Dr. Hill's testimony. If a party fails to identify a proposed expert witness, *see* FED. R. CIV. P. 26(a)(2), that witness's testimony is automatically excluded unless the party shows that its failure to disclose was justified or harmless. FED. R. CIV. P. 37(c)(1); *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 785–86 (7th Cir. 2000). Johnson cannot show either: a misunderstanding of the law is insufficient justification, and the untimeliness of the disclosure cannot be brushed aside as harmless, since Target's time to prepare to question him in his capacity as an expert would have been compromised. *See Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012); *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758–59 (7th Cir. 2004).

Last, Johnson argues that the district court abused its discretion by awarding $2500 in costs to Target. The court had reduced Target's proposed costs by roughly half (deciding that some costs for transcripts and copies were unauthorized) but found her documentation of below-poverty-line earnings insufficient to establish her inability to pay. Johnson argues that the court should not have awarded costs to Target because she cannot—now or  in the

"near future"—pay the costs. A prevailing party, however, presumptively receives the costs of litigation and it is the losing party's burden to overcome this presumption. FED. R. CIV. P. 54(d)(1); *Rivera v. City of Chicago*, 469 F.3d 631, 634–35 (7th Cir. 2006). Given her current employment and minimal documented monthly expenses, the district court acted within its discretion in determining that she failed to show she could not pay Target's costs now or in the future. *See Rivera*, 469 F.3d at 636–37.

Johnson's remaining arguments (regarding pleadings, discovery, evidentiary rulings, and jury instructions) are undeveloped or based on factual misunderstandings and warrant no further discussion. *See* FED. R. APP. P. 28(a)(9); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001).

**AFFIRMED**.