# Illinois Official Reports

## Appellate Court

*Johnson v. Johnson & Bell, Ltd.*, 2014 IL App (1st) 122677

| | |
|---|---|
| Appellate Court Caption | MERDELIN JOHNSON, Plaintiff-Appellant, v. JOHNSON AND BELL, LTD., and TARGET CORPORATION, ROBERT BURKE, and JENNIFER ROSE, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-12-2677 |
| Filed | February 24, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly dismissed plaintiff's complaint against defendant retailer and its counsel alleging invasion of privacy, negligence, negligent infliction of emotional distress, and breach of oral and written contracts arising from defendants' failure to seal and redact plaintiff's personal information in the final pretrial order entered in the underlying personal injury action plaintiff filed against defendant retailer, notwithstanding plaintiff's contention that the absolute litigation privilege did not apply, since the absolute litigation privilege applied to the invasion of privacy claim and the remaining claims in plaintiff's suit, and furthermore, plaintiff's claims in connection with defendants' alleged misconduct in failing to seal and redact the information were heard before the federal court in which the personal injury action was tried, and the failure of that court to impose any sanctions did not provide a basis for plaintiff's instant civil action in state court. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-L-8493; the Hon. Jeffrey Lawrence, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Merdelin Johnson, of Evanston, appellant *pro se*.

Michael Resis and Michael J. McGowan, both of SmithAmundsen LLC, of Chicago, for appellee Target Corporation.

David M. Macksey, Garrett L. Boehm, Jr., and Anne E. Zipfel, all of Johnson & Bell, Ltd., of Chicago, for other appellees.

Panel

PRESIDING JUSTICE CONNORS delivered the judgment of the court, with opinion.
Justices Cunningham and Delort concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff Merdelin Johnson (plaintiff) filed suit against defendants Johnson & Bell, Ltd. (Johnson & Bell), Target Corporation (Target), Robert Burke, and Jennifer Rose (collectively, defendants) alleging invasion of privacy, negligence, negligent infliction of emotional distress, and breach of contract. Defendants filed a motion pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2010)) to dismiss, contending that plaintiff's claims were barred by the absolute litigation privilege, *res judicata*, and collateral estoppel. The trial court granted defendants' motion to dismiss, and plaintiff now appeals.

¶ 2 I. BACKGROUND

¶ 3 Prior to this lawsuit, plaintiff filed a personal injury lawsuit against Target, alleging that she suffered injuries when she slipped and fell in one of Target's stores. Plaintiff originally filed her complaint in the circuit court of Cook County, but Target removed the case to the United States District Court for the Northern District of Illinois (hereinafter, District Court). Attorneys Robert Burke and Jennifer Rose of Johnson & Bell represented Target in the lawsuit.

¶ 4 Prior to trial in that suit, a joint final pretrial order was prepared and signed by all parties, including plaintiff. The final pretrial order had appendices containing all exhibits and deposition transcripts the parties planned to use at trial. The final pretrial order was entered into the Northern District's electronic filing system on August 16, 2010. The case proceeded to trial on August 30, 2010, and a jury verdict was entered in favor of Target and against plaintiff on August 31, 2010. On September 29, 2010, plaintiff appealed to the United States Court of Appeals for the Seventh Circuit, which affirmed the trial court in *Johnson v. Target Corp.*, 487 F. App'x 298 (7th Cir. 2012), *cert. denied*, ___ U.S. ___, 133 S. Ct. 1735 (2013).

¶ 5 During the pendency of that appeal, plaintiff purportedly discovered that unbeknownst to her, certain documents were attached to the final pretrial order that included her social security number, date of birth, financial information, medical information, and references to "G.J.," a minor. She filed a motion in the District Court, pursuant to Federal Rules of Civil Procedure

5.2 and 37 (Fed. R. Civ. P. 5.2, 37), requesting that the court seal and redact certain documents, and for sanctions against Target for violating the court's redaction rules and failing to protect plaintiff's right to privacy. Plaintiff claimed that on August 12, 2010, she met with Target's counsel and told them to redact her personal information from certain documents, pursuant to Rule 5.2(a) (Fed. R. Civ. P. 5.2(a)). Plaintiff argued that the failure to redact was extreme bad faith on the part of Target and that Target was negligent in failing to redact and seal. Plaintiff alleged that her identity could have been stolen and that the information had been in the system for "almost four months."

¶ 6        The District Court stated that "for the reasons stated in open court" plaintiff's motion was granted in part and denied in part. Her motion for sanctions was denied, but her motion to seal and redact certain documents was granted.

¶ 7        On November 24, 2010, plaintiff filed a motion in the Seventh Circuit to seal certain documents attached to the final pretrial order and for sanctions. Plaintiff's motion was substantially similar to that she filed in the District Court. She noted that her District Court motion was granted.

¶ 8        On December 1, 2010, the Seventh Circuit stated that the motion was granted:

> "to the extent that the clerk of this court shall place combined documents nos. 135 and 138 under seal. The clerk of the district court shall retransmit document nos. 135-138 as separate PDFs. The clerk of this court shall then place and maintain document no. 138 under seal."

¶ 9        On August 15, 2011, plaintiff filed a complaint in the instant action. In her complaint, plaintiff alleged invasion of privacy, negligence, and negligent infliction of emotional distress stemming from the failure to redact certain personal information from documents that were attached to the final pretrial order. Plaintiff argued that while both the District Court and the Seventh Circuit granted her motions to redact her personal information, as well as seal the documents in question, plaintiff's private information "had been in the Court's public record filing system for over four months, well enough time for the records to be copied and transmitted to any number of individuals."

¶ 10       Johnson & Bell, Burke, and Rose filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code because plaintiff's claims were barred by the absolute litigation doctrine and because plaintiff's complaint constituted an improper collateral attack on the Northern District of Illinois's order sealing the documents in question. Target joined in this motion to dismiss, and additionally alleged that the sole basis of plaintiff's complaint was an alleged violation of Federal Rule of Civil Procedure 5.2, and that a failure to comply with the federal rules cannot create a private right of action.

¶ 11       Plaintiff moved for, and was granted, leave to file an amended complaint. On February 2, 2012, plaintiff filed an amended complaint which again alleged invasion of privacy, negligence, and negligent infliction of emotional distress against all defendants, but added both a breach of written contract claim and a breach of oral contract claim against Target and Johnson & Bell.

¶ 12       In response to plaintiff's amended complaint, defendants Johnson & Bell, Burke, and Rose stood on the arguments raised in their prior section 2-619 motion to dismiss. Target filed a new motion to dismiss pursuant to section 2-619(a)(9) of the Code alleging again that a violation of the federal court rules does not create a private cause of action. Target also alleged that the

absolute litigation privilege applied. On July 31, 2012, the circuit court dismissed with prejudice plaintiff's amended complaint, finding that the absolute litigation privilege, *res judicata*, and collateral estoppel applied to bar the claims. Plaintiff now appeals.

¶ 13                                              II. ANALYSIS

¶ 14        On appeal, plaintiff contends that her amended complaint for invasion of privacy, negligence, negligent infliction of emotional distress, and breach of oral and written contracts should not have been dismissed pursuant to section 2-619 of the Code because the absolute litigation privilege, *res judicata*, and the doctrine of collateral estoppel do not bar her claims. Subsection 2-619(a)(9) of the Code provides for dismissal of a complaint if "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2010). Thus, under this subsection, the moving party admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats the claim. *Thompson v. Frank*, 313 Ill. App. 3d 661, 663 (2000). The "motion to dismiss should be granted only when it raises affirmative matter which negates the plaintiff's cause of action completely or refutes critical conclusions of law or conclusions of material, but unsupported, fact." *Employers Mutual Cos. v. Skilling*, 256 Ill. App. 3d 567, 569 (1994). On appeal, we review a section 2-619 dismissal *de novo*. *Moran v. Gust K. Newberg/Dugan & Meyers*, 268 Ill. App. 3d 999, 1004-05 (1994).

¶ 15        Plaintiff's first argument on appeal is that the absolute litigation privilege does not bar the claims set forth in her amended complaint. The issue of absolute privilege is treated as an affirmative defense that may be raised and determined in a section 2-619 motion. *Thompson*, 313 Ill. App. 3d at 663. An attorney is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if he has some relation to the proceeding. Restatement (Second) of Torts § 586 (1977). A private litigant enjoys the same privilege concerning a proceeding to which he is a party. Restatement (Second) of Torts § 587 (1977). An absolute privilege provides a complete bar to a claim for defamation, regardless of the defendant's motive or the unreasonableness of his conduct. *Thompson*, 313 Ill. App. 3d at 664.

¶ 16        In Illinois, the "rules on absolute privileges to publish defamatory matter stated in §§ 583 to 592A apply to the publication of any matter that is an invasion of privacy." Restatement (Second) of Torts § 652F (1977); *McGrew v. Heinold Commodities, Inc.*, 147 Ill. App. 3d 104, 114 (1986) ("[T]he rules on absolute privilege in defamation actions apply to invasion of privacy suits as well."). Accordingly, we find the absolute litigation privilege applies to plaintiff's invasion of privacy claim.

¶ 17        We further find that the trial court did not err in finding that plaintiff's remaining claims in her amended complaint were also barred by the absolute litigation privilege. Illinois courts have not specifically discussed whether absolute immunity extends to claims for negligent infliction of emotional distress or breach of contract. However, a number of other courts have held that the absolute litigation privilege can apply in such cases because "[t]he absolute privilege would be meaningless if a simple recasting of the cause of action *** could void its effect." *Barker v. Huang*, 610 A.2d 1341, 1349 (Del. 1992); see also *Laffer v. Levinson, Miller, Jacobs & Phillips*, 40 Cal. Rptr. 2d 233, 237 (Cal. Ct. App. 1995); *Franson v. Radich*, 735 P.2d 632, 635 (Or. Ct. App. 1987); *Petyan v. Ellis*, 510 A.2d 1337, 1343 (Conn. 1986); see also

*McNall v. Frus*, 336 Ill. App. 3d 904, 907 (2002) (defendant immune from suit of negligence by absolute litigation privilege).

¶ 18 In contending that the litigation privilege does not extend to all of her claims, plaintiff relies on the following three cases. In *Zdeb v. Baxter International, Inc.*, 297 Ill. App. 3d 622, 628-29 (1998), this court found that Illinois courts have not extended the absolute privilege to claims for intentional interference with prospective economic advantage. In *Thompson v. Frank*, 313 Ill. App. 3d 661 (2000), this court found that the absolute privilege did not extend to a libel action based on an allegedly defamatory communication between one party's attorney and the spouse of the opposing party to pending litigation. In *Kurczaba v. Pollock*, 318 Ill. App. 3d 686 (2000), this court found that the absolute privilege did not apply to a defendant's out-of-court dissemination of a complaint to third parties not involved in the action. These cases are unpersuasive, as none of them deal with the recasting of a defamation claim in order to avoid the absolute litigation privilege, and none of them deal with the remaining claims in her suit.

¶ 19 Morever, we note that "[t]here is no civil cause of action for misconduct which occurred in prior litigation." *Harris Trust & Savings Bank v. Phillips*, 154 Ill. App. 3d 574, 585 (1987). "Petitions to redress injuries resulting from misconduct in judicial proceedings should be brought in the same litigation." *Id*. Here, plaintiff complains of the alleged misconduct on the part of Target and its attorneys in a prior federal lawsuit in which they failed to redact certain personal information. Plaintiff brought the mistake to the attention of both the District Court and the Seventh Circuit. Both courts ordered the documents to be sealed and redacted, and neither court chose to assess sanctions against Target or its counsel for failing to redact the documents prior to filing the pretrial order. Plaintiff's arguments regarding Target's counsel's alleged misconduct were heard in federal court, which was the proper venue. Plaintiff received the result she asked for in federal court, which was to have the documents redacted. The fact that neither court chose to assess sanctions against Target or its counsel does not provide an adequate basis for a civil action in state court based on the same conduct. *Harris*, 154 Ill. App. 3d at 585 (public policy precludes a second lawsuit because otherwise there would never be an end to litigation and it is improper for a trial court to review previous litigation that has gone on before another judge).

¶ 20 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 21 Affirmed.