**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220295-U

Order filed July 7, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THOMAS E. PORTEGYS, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-22-0295 |
| | ) | Circuit No. 22-AR-22 |
| | ) | |
| FRANCES J. WHITE, | ) | Honorable |
| | ) | Robert E. Douglas, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Presiding Justice Holdridge and Justice McDade concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Defamation claim was barred by attorney litigation privilege because the attorney's statement was in relation to the attorney's representation in a termination of spousal maintenance action and was pertinent to the underlying litigation.

¶ 2    The case on appeal is a stand-alone defamation action involving a comment made in open court during the proceeding in a separate case in which defendant, Frances J. White, represented plaintiff's former spouse on post-dissolution issues. Plaintiff, Thomas E. Portegys, appeals the circuit court's dismissal of his complaint for defamation and its finding that the attorney

litigation privilege applies to defendant's statement. In doing so, he argues that the court erred in dismissing his complaint because defendant's statement bore no relation to the proceeding and thereby failed to meet the pertinency requirement as described in section 586 of the Restatement (Second) of Torts. Restatement (Second) of Torts § 586 (1977). We disagree and affirm the judgment of the circuit court.

¶ 3                                  I. BACKGROUND

¶ 4        In 2001, plaintiff and his former spouse entered into a marital settlement agreement obligating plaintiff to pay $2100 in monthly maintenance. Following his retirement, plaintiff petitioned the court to terminate his maintenance obligation in 2018. By agreed order, the circuit court reduced his maintenance payment to $984 per month.

¶ 5        On March 21, 2021, plaintiff filed another petition to terminate his maintenance obligation. Within his petition, plaintiff alleged that his former spouse was living in an assisted living facility entirely funded through her Medicaid benefits. Therefore, plaintiff argued, his monthly payments would be of little to no use.

¶ 6        In June, plaintiff's former spouse filed a verified petition for temporary restraining order and preliminary injunction. The petition alleged plaintiff employed a pattern of persistent attempts to coerce her into waiving her rights to receive maintenance and arrearages. It also purported that plaintiff pressured her to discharge defendant as her attorney and to withdraw a pending petition for rule to show cause concerning plaintiff's delinquent maintenance payments. Per the petition, plaintiff frequently called and visited his former spouse at her assisted living facility and threatened to prevent their disabled son from visiting should she fail to capitulate to his demands.

¶ 7     The parties appeared before the court on November 15, 2021. The court noted that the parties were working towards settlement, as evidenced by a recently entered agreed order to strike their set trial date. It then asked defendant how she intended to proceed with plaintiff's petition to terminate maintenance and his former spouse's pending rule to show cause. Defendant responded by reminding the court there was also a petition for temporary restraining order and preliminary injunction to resolve, stating:

> "Your Honor, I have also filed a motion for a restraining order because Mr. Portegys continues to pressure his former wife to release me, fire me. He even suggested she might want to have me murdered in order to get her to give up her claim for maintenance."

¶ 8     Defendant then informed the court regarding the other petitions' statuses, explaining plaintiff's former spouse was in a financial situation whereby waiving her right to receive maintenance was inadvisable. Defendant reported that she scheduled plaintiff's deposition prior to the trial date, but he failed to appear, and she "need[ed] him to leave [his former spouse] alone." Defendant recommended and the court agreed to consolidate the three petitions into a single hearing date. Nine days later, before the scheduled hearing date on the three petitions, the parties entered an agreed order in which plaintiff withdrew his motion to terminate maintenance and his former spouse withdrew her petitions for rule to show cause and temporary restraining order.

¶ 9     Plaintiff, as a self-represented litigant, filed a defamation complaint against defendant on January 7, 2022. He alleged that defendant's statement to the court indicating plaintiff "might want to have me murdered" was heinous, false, and satisfied the legal requirements for defamation. The complaint contended that plaintiff received a voicemail from his former spouse

3

on August 23, 2021, explaining that she had heard through a mutual friend that plaintiff threatened defendant and that he "wanted to kill her *** [and defendant] now is feeling threatened ***." Plaintiff denied any such intimidations occurred. In addition to costs, he sought $15,000 in compensatory and punitive damages.

¶ 10    On April 1, 2022, defendant filed a combined motion to dismiss plaintiff's complaint under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2022)). Defendant argued that the attorney litigation privilege applied to the statements giving rise to plaintiff's defamation suit, and therefore his complaint was subject to dismissal pursuant to section 2-619(a)(9). 735 ILCS 5/2-619(a)(9) (West 2022). Defendant also challenged the legal sufficiency of the complaint, contending plaintiff failed to plead sufficient facts giving rise to a defamation action and did not allege the defamatory statements were false. 735 ILCS 5/2-615 (West 2022). Plaintiff's written response argued that defendant's statements were irrelevant and impertinent.

¶ 11    After hearing arguments, the court granted defendant's combined motion and dismissed plaintiff's complaint with prejudice. In issuing its ruling, the court explained that "the only directly attributable statement by Ms. White was made in court in front of [the court]." Because this statement was "part of the overall case and part of the motion for a protective order, the attorney privilege applies."

¶ 12    Plaintiff timely appealed from this judgment.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, plaintiff argues that defendant's verbal representation to the judge in open court indicating plaintiff recommended murdering her fails the pertinency requirement necessary for the attorney litigation privilege to attach. See Restatement (Second) of Torts § 586 (1977).

4

He requests that this court "strip the defendant of" her immunity so that she may be tried for defamation.

¶ 15        We begin with defendant's contention that plaintiff forfeits his claim based on noncompliance with Illinois Supreme Court Rule 341(h)(7). Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Defendant argues that we should affirm the circuit court's dismissal based on plaintiff's deficient brief, which features an argument section that is devoid of both citations to the record and supportive case law.

¶ 16        We have inherent authority to dismiss an appeal based on an appellant's brief's noncompliance with this court's rules. See *In re Marriage of Gallagher*, 256 Ill. App. 3d 439, 442 (1993). A litigant's self-represented status does not relieve his or her burden to comply with the court's rules. *Oruta v. B.E.W. & Continental*, 2016 IL App (1st) 152735, ¶ 30. Yet, it is within our discretion to reach the merits of an appeal where a brief sufficiently apprises the court of the issues. *Gallagher*, 256 Ill. App. 3d at 442. Similar discretionary leniency may be afforded where the facts presented on appeal are simple and the basis for appeal is fairly clear. See *In re Marriage of Burke*, 185 Ill. App. 3d 253, 255 (1989); *Boeger v. Boeger*, 147 Ill. App. 3d 629, 630 (1986). In fact, imposing the harsh sanction of striking an appellate brief based on a violation of procedural rules is only appropriate when such violation hinders our review. *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005).

¶ 17        Illinois Supreme Court Rule 341(h) governs the contents of an appellant's brief, providing an itemization of the various sections and the corresponding requirements. Within the argument section, the rule requires the appellant to cite "the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). An appellant's cross-reference of the underlying facts to his or her argument serves the important function of allowing the reviewing

court "to assess whether the facts \*\*\* present[ed] are [an] accurate and fair portrayal of the events in th[e] case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58. This rule, like other rules governing the filing and presentation of an appeal, also promotes attaining justice through the clear and orderly presentation of arguments which allow for the court's consideration and disposal of issues. See *In re Estate of Kunz*, 7 Ill. App. 3d 760, 763 (1972); see also *Zadrozny*, *v. City Colleges of Chicago*, 220 Ill. App. 3d 290, 292 (1991).

¶ 18    Plaintiff's appellate brief is undeniably muddled. His argument section lists the elements of a defamation action, and he presents facts to support each element, but he does not provide a citation to the record. He references his former spouse's August 23, 2021, voicemail and defendant's November 15, 2021, statement, which are found in the preceding statement of facts section. That section adequately cites to the pages of the record. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). This compliance, however, does not excuse plaintiff's independent obligation to cite the portion of the record relied upon in his argument section. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). The record before us is only 109 pages long. Because plaintiff raises a single issue, the facts are simple, and the record is short, we find this procedural error insufficient to strike the brief.

¶ 19    Defendant also contends that plaintiff's argument section fails to cite any authority, as is required by the rule, to support his position that her statement falls beyond the ambit of attorney immunity. See *id.* We note that at two other points in his brief, plaintiff cites to a string of authority which, by analogy, he relies on to advocate for a narrower construction of the pertinency requirement. Although flawed, we find the brief sufficient to apprise this court of the facts and precedent supporting his appellate argument.

¶ 20　　　　While we do not condone plaintiff's failure to fully comply with the rule's requirements, we find his brief sufficient for us to reach the merits. *Brown v. Brown*, 62 Ill. App. 3d 328, 332-33 (1978) ("A court of review may consider improperly raised issues where such consideration is necessary for a just result."). In sum, despite the deficiencies in his brief, we find plaintiff sufficiently notified this court of the straightforward question to be resolved and we exercise our discretion to address the merits of his claim. See *Dillon v. Evanston Hosp.*, 199 Ill. 2d 483, 493 (2002) (reaching the merits of appellants' issue despite appellants' failure to cite any authority supporting their appellate argument).

¶ 21　　　　　　　　　　A. Application of the Attorney Litigation Privilege

¶ 22　　　　We find plaintiff's claim that defendant's comment during the November 15, 2021, hearing falls beyond the protection of the attorney litigation privilege is without merit.

¶ 23　　　　Defendant brought her motion to dismiss under section 2-619.1 of the Code, which permits a party to file a combined section 2-615 motion to dismiss and a section 2-619 motion to dismiss into the same motion. See 735 ILCS 5/2-619.1 (West 2022). In reviewing a motion to dismiss, "we accept all well-pleaded facts in the complaint as true and draw all reasonable inferences from those facts in favor of the nonmoving party." *Unterschuetz v. City of Chicago*, 346 Ill. App. 3d 65, 68-69 (2004). A circuit court's dismissal of a complaint under section 2-619.1 of the Code is subject to *de novo* review. *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 402 (2009).

¶ 24　　　　Whether an allegedly defamatory statement is subject to an absolute privilege is a question of law, which we also review *de novo*. *Thompson v. Frank*, 313 Ill. App. 3d 661, 664 (2000); Restatement (Second) of Torts § 586, Comment a, at 247 (1977) (The attorney litigation "privilege is absolute"). Since the circuit court's stated reason for dismissal is the attorney

7

litigation privilege, for the purposes of our review, our focus is on the applicability of that privilege as an affirmative matter defeating plaintiff's claim. *Johnson v. Johnson & Bell, Ltd.*, 2014 IL App (1st) 122677, ¶ 15; 735 ILCS 5/2-619(a)(9) (West 2022).

¶ 25        In Illinois, the attorney litigation privilege is well-established, affording complete immunity to an attorney in a defamation action based on his or her statements, irrespective of the attorney's knowledge to the statement's falsity or the attorney's motives. *Golden v. Mullen*, 295 Ill. App. 3d 865, 870 (1997), *as modified on denial of reh'g* (May 1, 1998). The privilege is rooted in section 586 of the Restatement (Second) of Torts, which provides:

> "An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." Restatement (Second) of Torts § 586 (1977).

¶ 26        A growing body of precedent has extended this privilege beyond the courtroom setting, immunizing:

> "out-of-court communications between opposing counsel [citation], *** out-of-court communications between attorney and client related to pending litigation [citation], *** out-of-court communications between attorneys representing different parties suing the same entities [citation], *** statements made during quasi-judicial proceedings [citation], *** communications necessarily preliminary to a quasi-judicial proceeding [citation], and *** out-of-court communications between an attorney and opposing parties in demand letters prior to litigation [citation]." *Atkinson v. Affronti*, 369 Ill. App. 3d 828, 832 (2006); but see

8

*Thompson*, 313 Ill. App. 3d at 664 (declining to extend the privilege to cover a communication sent by one party's attorney to the spouse of the opposing party while judicial proceeding was pending).

However, the class of communications to which the privilege applies remains narrow. *Doe v. Williams McCarthy, LLP*, 2017 IL App (2d) 160860, ¶ 19.

¶ 27     If the defamatory communication was made in the context in which the privilege applies "[t]he only requirement is that the communication pertain to the proposed or pending litigation" for immunity to attach. *Golden*, 295 Ill. App. 3d at 870. The pertinency requirement is not strictly applied; the privilege will attach even when the communication is not confined to the specific issues of the litigation and all doubts are resolved in favor of finding the communication pertains to the proceeding. *Id.* If the defamatory statement bears no relation to the litigation, then the privilege will not attach. See *id.*

¶ 28     Here, we agree with the circuit court that based on the record before us, the only statement attributable to defendant is the one she made in open court on November 15, 2021. There can be no dispute that this communication was made during the course of a judicial proceeding in which she participated as counsel on behalf of plaintiff's former spouse. What remains for the privilege to attach is a determination on whether the statement satisfies the pertinency requirement. We hold that it does.

¶ 29     Defendant's comment was in response to the court's inquiry regarding the pending matters of the lawsuit. Because the court omitted the petition for a temporary restraining order in its recitation of outstanding matters, defendant informed the court of its existence and argued, in part, its bases. She followed her statements concerning the temporary restraining order with an explanation of the status of the other petitions. Implementing the pertinency requirement's liberal

9

application, we refuse to isolate defendant's statement that indicated plaintiff may have instructed his former spouse to murder defendant. *Atkinson*, 369 Ill. App. 3d at 834. The statement was related to her client's petition for a temporary restraining order, as evidenced by the preceding allegations that plaintiff repeatedly sought to convince his former spouse to discharge defendant as counsel. At the very least, the statement can be seen as defendant's advocacy in the underlying termination of maintenance suit. In so holding, we note that the motivation for the privilege, which gives attorneys "the utmost freedom in their efforts to secure justice for their clients" may be most acutely present during an attorney's opportunity to advocate before the court. Restatement (Second) of Torts § 586, Comment a, at 247 (1977).

¶ 30    We find that the attorney litigation privilege applies to defendant's statement, affording her absolute immunity, and the circuit court properly dismissed plaintiff's defamation complaint against defendant pursuant to section 2-619(a)(9) of the Code with prejudice.

¶ 31                                    III. CONCLUSION

¶ 32    The judgment of the circuit court of Du Page County is affirmed.

¶ 33    Affirmed.