NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 19, 2014[*]
Decided June 19, 2014

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3825

| | |
|---|---|
| ERIC C. ONYANGO, | Appeal from the United States |
|     *Plaintiff-Appellant,* | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 13 C 6256 |
| NICK & HOWARD, LLC, et al., | |
|     *Defendants-Appellees.* | Sharon Johnson Coleman, *Judge.* |

**O R D E R**

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Eric Onyango appeals the denial of a preliminary injunction against Nick & Howard, LLC, the owner of The Underground nightclub; a club promoter; and two lawyers, to stop them from defaming him (by telling others that he had inappropriately touched women). We affirm.

This suit arises out of a confusing sequence of events that was sparked one summer night in 2013, when Onyango was turned away while waiting in line to enter The Underground. That night Carlos Rosales, a patron and frequent host of club events, identified Onyango and told the club's bouncer that Onyango previously had been accused of inappropriately touching women at the club. Onyango later complained to Douglas Wexler, Nick & Howard's general counsel, that he had been turned away because of discrimination and defamatory statements, and threatened to sue. Wexler agreed to look into the matter and eventually contacted Marcella Acosta, one of the women whom Rosales remembered as having complained about Onyango. Onyango then reported Wexler to the Illinois Attorney Registration and Disciplinary Commission for what he believed was an investigation that violated federal criminal laws. Wexler hired lawyer Samuel Manella to respond to the ARDC complaint, and the ARDC closed its investigation shortly thereafter. Onyango eventually sued Nick & Howard, Wexler, and Manella, alleging, as relevant here, that they had discriminated against him under 42 U.S.C. § 1981 (the basis of federal jurisdiction), and falsely accused him of inappropriately touching women.

Less than a week later, Onyango sought a preliminary injunction to stop Rosales, Wexler, and Manella from continuing to tell others that he had inappropriately touched women. Onyango identified four statements made by the defendants that he deemed defamatory: (1) Manella's letter to the ARDC in which he recounted the basis of Wexler's investigation— the accusations that Onyango had inappropriately touched women; (2) Wexler's follow-up phone call to Marcella Acosta, in which he purportedly informed her that Onyango had sexually assaulted other women; (3) Rosales's statement on the night in question to the club's bouncer that Onyango had inappropriately touched women in the past; and (4) a phone call that Rosales made to Acosta, around the time of Wexler's investigation, asking her to confirm that Onyango had inappropriately touched women.

The district court determined that Onyango could not identify any harmful ongoing or recent incidents of defamation that justified an injunction. The court added that Onyango also could not satisfy any of the other prerequisites for a preliminary injunction (likelihood of success on the merits, irreparable harm that outweighs any

harm the nonmoving party will suffer if the injunction is granted, lack of adequate remedy at law, and lack of harm to the public interest). *See Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006).

On appeal Onyango disputes that the harm is not ongoing. He maintains that the defendants continue to defame him by telling unnamed others that he is a sexual assailant. He also asserts that he can prevail on the merits of his litigation because the defendants have committed defamation per se by publicly accusing him of a felony (sexual assault), and that the defendants' statements have irreparably harmed his professional reputation because the widespread rumors are driving away his friends and prospective clients.

We need not engage in an extensive discussion of the prerequisites for issuance of a preliminary injunction or even more fundamental issues such as whether an injunction is an appropriate remedy for defamation. *See Tory v. Cochran*, 544 U.S. 734 (2005). In this case Onyango did not carry his burden of demonstrating that he has a likelihood of success on the merits. First, Onyango cannot possibly enjoin Rosales, who is not a defendant in this suit. Although Onyango asserts that Rosales is an agent of defendant Nick & Howard, he did not show that the company is liable for Rosales's conduct: he has presented nothing to show that Rosales was Nick & Howard's employee or agent, that Rosales was acting within the scope of his employment, or that Nick & Howard ratified either of the allegedly defamatory statements. *See Wilson v. Edward Hosp.*, 981 N.E.2d 971, 978 (Ill. 2012); *Vancura v. Katris*, 939 N.E.2d 328, 343 (Ill. 2010); *Horwitz v. Holabird & Root*, 816 N.E.2d 272, 280 (Ill. 2004). In addition, the lawyers Wexler and Manella cannot be liable for their allegedly defamatory statements because they were absolutely privileged. Wexler made his allegedly defamatory comment during an early investigation that he conducted immediately after Onyango threatened Wexler that he would sue. *See Johnson v. Johnson & Bell, Ltd.*, 7 N.E.3d 52, 56 (Ill. App. Ct. 2014) (defamatory statements allowed during legal investigation); *Atkinson v. Affronti*, 861 N.E.2d 251, 255 (Ill. App. Ct. 2006) (defamatory statements allowed by lawyers in anticipation of litigation). And Manella made his comments during the course of an ARDC investigation. *See Lykowski v. Bergman*, 700 N.E.2d 1064, 1071 (Ill. App. Ct. 1998) (defamatory statements allowed during ARDC investigations).

We have considered Onyango's remaining arguments and none has merit.

AFFIRMED.